CAROLINA AND YADKIN RIVER RAILROAD v. J. L. AND DION ARMFIELD.

(Filed 23 December, 1914.)

1. Railroads—Easements—Measure of Damages.

In awarding compensation to the owner of lands for an easement acquired by a railroad company thereon, recovery may be had for the impaired value, including, as a rule, the market value of the land actually taken or covered by the right of way, with damages to the remainder of the tract or portions of the land used by the owner as one tract, deducting from the estimate the pecuniary benefits or advantages which are special or peculiar to the tract in question, but not those which are shared by the owner in common with other owners in the same vicinity.

2. Same—Incidental Depreciation—Smoke, Etc.—Sentimental and Speculative Damages.

In awarding damages to the owner of land in condemnation proceedings brought by a railroad company to acquire a right of way through them, it is proper, in ascertaining the amount, to consider, among other things, the inconvenience and annoyance likely to arise in the orderly exercise of the easement which interfere with the use and proper enjoyment of the property by the owner and which sensibly impair its value, including the injury and annoyance from jarring, noise, smoke, cinders, etc., from the operating of trains, to the extent it exists from close proximity of the property and not attributable to the defendant's negligence; excluding, however, consideration of sentiment or personal annoyance detached from any effect on the pecuniary value of the property or allowance of damages of a purely speculative character. *R. R. v. Mfg. Co.,* 166 N. C., 168, cited and distinguished.

APPEAL by plaintiff from *Lane, J.,* at May Term, 1914, of DAVIDSON.

Proceedings to condemn land for railroad right of way, heard on transfer from clerk of Superior Court.

The evidence tended to show that the proposed right of way would lie over a tract of land owned by defendant in the town of Thomasville, N. C., suitable for building lots, the evidence of defendant being to the effect that the injury to the property arising from land actually required for the right of way, 2.13 acres, and the impaired value to the remainder of the tract would amount to from $10,000 to $19,000.

The evidence on the part of plaintiff was to the effect that the damages recoverable would not exceed $2,500, the estimate of plaintiff's witnesses being from $1,500 to $2,500.

The plaintiff excepted to a portion of his Honor's charge in which he permitted the jury to consider, as an element of damages to the portion of the property not actually taken, the "annoyance, noise, dirt, smoke, cinders, and like discomforts necessarily attendant on the operating of a steam railway through the property," plaintiff insisting that these considerations on the question of damages was disapproved by a recent decision of this Court in *R. R. v. Mfg. Co.,* 166 N. C., 168.

There was verdict assessing damages at $6,400. Judgment, and plaintiff excepted and appealed.

*Jerome & Price for plaintiff.*

*Phillips & Bower, E. E. Raper, Walser & Walser, and McCreery & McCreery for defendant.*

HOKE, J., after stating the case: It is the recognized rule in this State that in awarding compensation on condemnation of a railroad right of way, recovery may be had for the impaired value of the property by reason of the easement acquired; this, as a rule, to include the market value of the land actually taken or covered by the right of way and the "damages done to the remainder of the tract or portions of the land used by the owner as one tract, deducting from the estimate the pecuniary benefits or advantages which are special or peculiar to the tract in question, but not those which are shared by him in common with other owners of land of like kind in the same vicinity." *R. R. v. McLean,* 158 N. C., 498; *Lambeth v. Power Co.,* 152 N. C., 371; *Abernethy v. R. R.,* 150 N. C., 97; *Thomason v. R. R.,* 142 N. C., pp. 300 and 318; *Brown v. Power Co.,* 140 N. C., 333; *R. R. v. Land Co.,* 137 N. C., pp. 330-335; Elliott on Railroads, sec. 995.

In ascertaining the market value as a basis of estimate, it is said in Lewis on Eminent Domain, sec. 706 (3 Ed.), formerly sec. 478: "In estimating the value of property taken for public use, it is the market value of property that is to be considered. The market value of property

is the price which it will bring when it is offered for sale by one who desires but is not obliged to sell it, and is bought by one who is under no necessity of having it. In estimating the value, all the capabilities of the property and all the uses to which it may be applied or for which it is adapted are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner." Speaking to this same question, in Pierce on Railroads, p. 217, the author says: "The particular use to which the land is applied at the time of the taking is not the test of its value, but its availability for any valuable or beneficial uses to which it would likely be put by men of ordinary prudence should be taken into account. It has been well said that the compensation 'is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business and wants of the community, or such as may reasonably be expected in the immediate future.'. But merely possible or imaginary uses, or the speculative schemes of its proprietor, are to be excluded."

The general principle embodied in these statements was approved in the well considered case of *Brown v. Power Co., supra,* and in the subsequent case of *Land Co. v. Traction Co.,* 162 N. C., 503, it was held for the correct application that the position as to prospective uses should be restricted to those for which the land was naturally adapted or which would likely arise in the ordinary course of things, and could not be properly extended to fanciful uses which might be in contemplation by the owner, and which, being more or less in the nature of an experiment, would render the damages to arise from such conditions too uncertain and remote.

In some of the cases involving claims for damages by the operation of railroad trains, it has been said that the damages to be allowed must arise from some "physical interference with the property or of some right appurtenant to the property."

This position was stated with approval and was one of the points decided in *Austin v. Terminal Co.,* 108 Ga., 671, reported in 47 L. R. A., 755, a suit by adjoining proprietor for damages alleged to be done plaintiff's property by the noise and other inconveniences arising from the operation of defendant's trains. Plaintiff insisted on his right to recover by reason of a provision of the Georgia Constitution: "Private property should not be taken or *damaged* for public purposes without just and adequate compensation being first paid." The Court held that the use of this word damage did not confer a right of action except when there had been some "physical interference with claimant's property or right appurtenant to the property."

The rule for awarding damages in condemnation proceedings was not involved in the decision, and, on this question, *Simmons, C. J.,* deliver-

ing the opinion, said: "In such a proceeding the effect of smoke and noise in the operation of trains are properly to be considered in so far as they tend to impair the value of the property"; and referring to and distinguishing a former decision of the Georgia Court, he further said: "In our own case of *Steiner v. R. R.*, 44 Ga., 546, the tracks were in the street, immediately in front of plaintiff's residence, physically invading his right of way and thereby giving him a cause of action. When there has been this physical interference, there is a 'damage' in connection with the taking of private property, consisting of an easement or right of way, and the plaintiff, being thus damaged, is allowed to show all the elements of damages. The effect of smoke and noise are considered, not as an independent element of damage, but as tending to prove the value after the railroad has taken or damaged property or some right appurtenant."

It is true that this expression that we are discussing was sustained as a general proposition or not directly disapproved in *Waste Co. v. R. R., ante,* 340, and was used also in a cause decided at last term, *R. R. v. Mfg. Co.,* 166 N. C., 168, both of them being cases involving the award of damages for a railroad right of way; but in these and all other cases where this question of condemning a right of way is substantially presented, the principle, as stated, is only intended to exclude considerations of sentiment or personal annoyance detached from any effect on the pecuniary value of the property or the allowance of damages purely of a speculative character, and accordingly it is held here and in well considered cases elsewhere that in awarding damages for a railroad right of way plaintiff shall be allowed to recover the market value of the property actually included, and for the impairment of value done to the remainder, and that in ascertaining the amount it is proper, among other things, to consider the inconvenience and annoyances likely to arise in the orderly exercise of the easement which interfere with the use and proper enjoyment of the property by the owner and which sensibly impair its value, and in this may be included the injury and annoyance from the jarring, noise, smoke, cinders, etc., from the operating of trains and also damage from fires to the extent that it exists from close proximity of the property and not attributable to defendant's negligence. *McLean v. R. R., supra; Brown v. Power Co., supra; Chicago v. Taylor,* 125 U. S., 161; *Gainsville R. R. v. Hall,* reported in 9 L. R. A., 209; 78 Tex., 169; *Telegraph Co. v. Darst,* 192 Ill., 47, reported in 85 Am. Rep., 288; Lewis on Eminent Domain (3 Ed.), sec. 706 (478); 2 Elliott on Railroads, sec. 978; 15 Cyc., p. 724. And it may be well to note that these damages are allowed and estimated, as stated, on the theory that the right is to be exercised in an orderly and proper manner; for notwithstanding the acquirement of such an easement, if an owner is sub-

sequently injured in his proprietary rights by the negligence on the part of the company, a case presented in *Duval v. R. R.,* 161 N. C., 448, and to some extent involved in *Thomason v. R. R., supra,* or if, in the enjoyment of the right, a nuisance is clearly and unnecessarily created, a case presented in *R. R. v. Fifth Baptist Church,* 108 U. S., 317, an action lies, and because it does, compensation for injuries attributable to negligence, etc., are not as a rule included.

The case of *R. R. v. Mfg. Co.,* 166 N. C., 168, relied on by counsel for appellant, does not sustain his position. That was a case in which the plaintiff railroad sought to condemn a right of way through a mill village owned by defendant. For reasons then appearing sufficient a majority of the Court thought that some of the evidence admitted was of a character too conjectural to be made the basis for estimating the damage, and in the opinion awarding a new trial for that reason the Court, among other things, said: "The elements of damage are those only which arose from some physical interference with the property or some right appurtenant thereto." But the Court did not mean here that there must be some physical entry on the property amounting to a physical trespass, but that the annoyances and inconveniences due and naturally to be expected in the operation of defendant's trains which interfered directly with the proper enjoyment of the property on the part of the owner and for the purpose for which it was used would be a physical interference, within the meaning of the decision, whether this invasion of the owner's rights should be on or above the surface, as in cases of jarring, smoke, cinders, noxious vapors, or otherwise. The new trial was granted, not because the smoke, cinders, jarring, etc., of a railroad train should not be considered, but because, as stated, certain evidence as to the effect of these things on the peculiar facts as presented in that case was too uncertain and remote and might have led to an award of damages entirely speculative.

On the record we are of opinion that the present case has been correctly tried, and the judgment on the verdict is affirmed.

No error.