WESTERN CAROLINA POWER COMPANY v. GEORGE W. HAYES AND His Wife, SARAH HAYES.

(Filed 26 January, 1927.)

**1. Pleadings—Discretion of Court—Amendments—Appeal and Error.**

The trial court in its discretion may allow the respondent to a petition to condemn his lands to be taken by a *quasi*-public corporation unless it is made to appear on appeal that this discretion has been abused.

**2. Eminent Domain—Condemnation—Damages.**

In proceedings for the taking of a part of the respondent's farming land in condemnation by a *quasi*-public corporation for the purpose of building a dam and ponding water thereon, the respondent may recover as his damages not only the value of the land so taken at the institution of the proceedings, but also damages to the remainder of the tract caused by the ponding of water upon the part so used.

**3. Same—Evidence—Time At Which Damages Are to be Ascertained.**

The respondent in proceedings to condemn his lands for ponding water thereon, may introduce evidence of its market value before and after the work had been commenced when relevant to its value at the time of the institution of the proceedings.

**4. Condemnation—Damages—Issues.**

Where damages for the taking of the owner's lands by condemnation are to be ascertained in the proceedings, the better practice is suggested that a separate issue be submitted to the jury upon each distinctive element thereof.

APPEAL by petitioner from *Lane, J.,* at May Term, 1926, of CALD-WELL. No error.

Proceeding for condemnation of land. The issue submitted to the jury was answered as follows:

"What compensation are the defendants, Geo. W. Hayes, and his wife, justly entitled to recover of the petitioner on account of the taking of the land described in the petition, and as compensation for the injury, if any, to the remaining land? Answer: $5,125.00."

Judgment was rendered upon this verdict, first, that respondents recover of petitioner the sum of five thousand one hundred twenty-five dollars ($5,125), with interest from 17 May, 1926, until paid; second, that petitioner, upon payment of said sum, interest and cost, shall be permitted to enter upon, hold and use the land described in the petition; and third, that respondents shall thereupon be divested and barred of all right, interest and estate in said land. From this judgment petitioner appealed to the Supreme Court.

*W. S. O'B. Robinson, Jr., W. C. Newland and Squires & Whisnant for petitioner.*

*E. B. Cline, C. E. Cowan and R. L. Huffman for respondents.*

CONNOR, J. This proceeding to condemn land under the right of eminent domain was begun on 28 May, 1924. The petitioner seeks to acquire thereby land owned by respondents for the purpose of impounding water thereon by means of a dam. The land sought to be condemned, as described in the petition, contains 29.5 acres, and is part of a farm owned by respondents, containing in all 195 acres. At the time this proceeding was begun, the respondent, Geo. W. Hayes, had lived on this farm for more than fifty years; he is now about seventy-five years of age. The boundaries of the 29.5 acres run within about 80 feet of his dwelling-house, and within about 16 feet of a four-room tenant house on said farm. The spring from which he got water for domestic use is located about 200 feet from his house, and is within the boundaries of the land sought to be condemned by the petitioner. Said land was partly covered by water at the time of the trial. Since the commencement of this proceeding, respondents have moved off their farm, and have made their home elsewhere. More than two years have elapsed since the land was taken, under the right of eminent domain, conferred by the State upon petitioner; respondents have not yet received the just compensation to which they are entitled under the law.

The right of the petitioner, as an electric power company, to take said land and to impound water thereon, by means of a dam, upon making just compensation, is conceded. C. S., 1698. The only matter in

controversy is the sum which the petitioner shall be required to pay as compensation for the land taken, and as damages for the injury resulting from the taking of same and from its use for impounding water thereon, to the remaining land. The jury has assessed this sum at $5,125. The petitioner, upon its appeal to this Court, contends that it is entitled to a new trial of the issue for errors which it has duly assigned in the case on appeal.

The first assignment of error is based upon an exception to the order of the court permitting respondents to file an amended answer to the petition. The only effect of the amended answer filed on 8 September, 1924, is to increase the sum which respondents allege they are entitled to recover of petitioner as damages for injuries to their farm resulting from the taking therefrom of 29.5 acres, and impounding water thereon. In the original answer filed on 10 June, 1924, this sum is alleged as $1,500; in the amended answer, it is increased to $3,500. In both the original answer, and in the amended answer, it is alleged that the value of the 29.5 acres described in the petition is $2,950. Counsel for petitioner in their brief say: "Ordinarily, the action of the court in permitting an amended or supplemental pleading to be filed is not a proper subject for an exception. We contend, however, that the discretion of the court was abused in this case." We find no facts in the record to support this contention. The assignment of error is not sustained.

By other assignments of error, petitioner presents its contention that it was error for the court to admit as evidence, by overruling its objections thereto, testimony of witnesses as to the difference in value of the farm before and after water was impounded on the 29.5 acres described in the petition. The petitioner contends that the testimony should have been confined to the difference in value at the time the proceeding was begun.

The dam by which the water was impounded was in process of construction at the date of the commencement of the proceeding, to wit, 28 May, 1924. It was completed on or about 1 January, 1925; water was impounded on the land described in the petition during the spring of 1925. The action was tried upon appeal from the order of the clerk of the Superior Court, confirming the report of the commissioners, at May Term, 1926. There was evidence that subsequent to the commencement of the proceeding the value of the farm owned by respondents had increased; there was no evidence that such increase was caused by the construction of the dam or the impounding of water thereby. There was a general increase in land values in the neighborhood due to general conditions; respondent's lands shared in this general increase of land values.

Authoritative decisions of this and other courts are to the effect that the owner of land, a part of which is taken under the right of eminent domain, may recover as compensation not only the value of the land taken, but also the damages thereby caused, if any, to the remaining land. *R. R. v. Land Co.,* 137 N. C., 330, 68 L. R. A., 333; *United States v. Grizzard,* 219 U. S., 180, 55 L. Ed., 165. In the opinion in the last cited case, *Lurton, J.,* says: "Whenever there has been an actual physical taking of a part of a distinct tract of land, the compensation to be awarded includes not only the market value of that part of the tract appropriated, but the damage to the remainder resulting from that taking, embracing, of course, the injury due to the use to which the part appropriated is to be devoted."

It has also been held that for the purpose of determining the sum to be paid as compensation for land taken under the right of eminent domain, the value of the land taken should be ascertained as of the date of the taking, and that the land is taken within the meaning of this principle when the proceeding is begun. In *United States v. Chandler-Dunbar W. P. Co.,* 229 U. S., 51, 57 L. Ed., 1063, it is said: "The value should be fixed as of the date of the proceedings and with reference to the loss the owner sustains, considering the property in its condition and situation at the time it is taken and not as enhanced by the purpose for which it is taken." Upon the same principle if the land decreases in value after the commencement of the proceedings for its condemnation, this will not be considered in determining the sum which the owner is justly entitled to recover as compensation for its taking. "The fundamental doctrine that private property cannot be taken for public use, without just compensation, requires that the owner shall receive the market value of his property at the time of the taking, unaffected by any subsequent change in the condition of the property." 20 C. J., 826, sec. 262.

Respondents are entitled to recover as just compensation for the 29.5 acres of land described in the petition its value at the time it was taken, to wit, the date of the commencement of the proceeding. No change in the value of said land after said date, whether caused by the use for which it is to be condemned or not, can be considered in determining the amount which respondents shall receive and petitioner shall pay as just compensation for same. Respondents allege in their answer to the petition that the value of the land was $2,950. They offered evidence tending to sustain this allegation. Petitioner offered evidence that the value of the 29.5 acres did not exceed $75 per acre. The court submitted the contentions with respect to the value of the land actually taken to the jury, with full and correct instructions as to the law applicable to these contentions.

There was evidence sustaining the contention of respondents that the land included in their farm, remaining after the 29.5 acres had been taken by petitioner, was permanently injured by the impounding of water upon the land taken. This remaining land *was taken* for the purpose of determining the sum which respondents are entitled to receive and the petitioners should be required to pay, as compensation for such injuries, at the time water was impounded on the 29.5 acres. In his opinion in *Pumpelly v. Canal Co.*, 80 U. S., 166, 20 L. Ed., 557, *Justice Miller* says: "But there are numerous authorities to sustain the doctrine that a serious interruption to the common and necessary use of property may be, in the language of Mr. Angell in his work on water courses, equivalent to the taking of it, and that under the constitutional provisions it is not necessary that the land should be absolutely taken." See Rose's Notes, Vol. 7, p. 645. It must follow that for the purpose of determining the compensation to be paid for the taking of the remaining land it is competent to show the difference in the value of such land before and after water was impounded on the land taken, which was a part of the entire tract owned by respondents. The assignments of error based upon exceptions to the admission as evidence of testimony as to the difference in the value of the land before and after the impounding of the water, cannot be sustained.

As said by *Judge Hoke* in *Powell v. R. R.*, 178 N. C., 243, the issue submitted to the jury was very largely one of fact with the pertinent testimony very restricted in its nature, and the court after a full and fair statement of the contentions of the parties concerning the matters involved in the issue, left it to the jury to determine the amount which respondents are entitled to receive and petitioner should be required to pay as just compensation, both for the 29.5 acres actually taken, and for the permanent injuries caused to the remaining land by the taking of the same. The assignment of error for that the court failed to instruct the jury as to the meaning of "market value," as to the manner in which they should arrive at a "reasonable, fair and just compensation," and as to the time when compensation or damages should be computed, cannot be sustained. The instructions contained in the charge to the jury meet all reasonable requirements of the law.

Where the aggregate sum which one party to an action or proceeding is entitled to recover of the other, is to be determined by the application of different principles of law, and there is evidence tending to establish facts to which such principles are applicable, respectively, we suggest that the better practice is to submit more than one issue to the jury, so that by the answer to each issue, the jury may determine the amount to be recovered for each element of damage to be included

in the total recovery. In the instant case, one issue was submitted, without objection from either petitioner or respondents. The court in the charge to the jury differentiated the facts and principles upon which respondents were entitled to recover compensation both for the land actually taken and for the permanent injuries caused to the remaining land by the taking of a part thereof, and using same for impounding water thereon. Separate issues, however, enable the parties to present their contentions both to the jury and to the court, with greater clarity.

We find no error; the judgment is affirmed.

No error.