CITY OF GREENSBORO v. H. TATUM SPARGER AND WIFE, BETTY TOUCHSTONE SPARGER

No. 7418SC491

(Filed 18 September 1974)

**Eminent Domain § 6— amount of compensation — damages from sewer overflow after taking**

In an action to determine the amount of compensation for land condemned by a city for a sewer outfall line, the trial court erred in the admission on the question of damages of evidence concerning overflow of a manhole in the sewer line after its installation; any damages the landowners seek as a result of improper, unlawful or negligent construction of the sewer line after the taking must be sought in a separate action.

APPEAL by petitioner from *Lupton, Judge,* 12 November 1973 Session of Superior Court held in GUILFORD County. Heard in the Court of Appeals 26 August 1974.

This appeal is constituted of two proceedings in eminent domain which were instituted by petitioner under the authority of Section 6.101 et seq. of its Charter to acquire a right-of-way across properties of respondents for the purpose of installing and thereafter maintaining a sanitary sewer outfall line. From the adoption of final resolutions of condemnation by the Greensboro City Council approving the reports of the board of appraisers as to the amount of just compensation to which respondents were entitled for the two takings, respondents appealed to the Superior Court. There the two proceedings were consolidated for trial, and it was stipulated in the pretrial order that the only issue in controversy was: What amount of damages, if any, are the respondents, H. Tatum Sparger, and wife, Betty Touchstone Sparger, entitled to recover as just compensation for the taking of a right-of-way across their property?

Petitioner's motion for a directed verdict at the conclusion of all the evidence was denied and petitioner excepted. The jury answered the issue in the amount of $13,288, a figure substantially higher than the appraiser's award. Petitioner's motions for a judgment notwithstanding the verdict and for a new trial were denied, and petitioner, in apt time, gave notice of appeal to this Court.

Additional facts necessary for decision are set out in the opinion.

*City Attorney Jesse L. Warren, by Deputy City Attorney Samuel M. Moore and Assistant City Attorney Dale Shepherd, for petitioner appellant.*

*Thomas Turner and J. Owen Lindley for respondent appellees.*

MORRIS, Judge.

Petitioner first contends that the trial court committed prejudicial error in overruling petitioner's objections to respondents' questions concerning an alleged overflow of a manhole in the sewer line after its installation, permitting photographs of the overflow to be identified and admitted to illustrate the witness' testimony, and charging the jury with respect to the overflow. Petitioner's position is that any damage to respondents resulting from the overflow of a manhole is not cognizable.

During the course of the trial the respondent and his witnesses testified concerning an alleged overflow of a manhole in the sewer line as an element of damages in these proceedings. The overflow occurred 24 months after the taking in the first proceeding and 18 months after the taking in the second proceeding. Respondent did not offer any evidence as to whether this occurrence was in the nature of negligent installation or maintenance of the sewer line or any other theory. Petitioner objected to the testimony on the ground that this occurrence was not a direct and proximate result of the taking and was too remote in time from the dates of taking to be encompassed in these proceedings. Petitioner's position is well taken.

It is well settled in this State that where a portion of a tract of land is taken by a public authority in an eminent domain proceeding, the just compensation to which the landowner is entitled is the difference between the value of the property immediately before and immediately after the taking. *Barnes v. Highway Commission,* 250 N.C. 378, 109 S.E. 2d 219 (1959); *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778 (1954); *Light Co. v. Sloan,* 227 N.C. 151, 41 S.E. 2d 361 (1947). Compensation must be determined as of the time of the taking. *DeBruhl v. Highway Commission,* 247 N.C. 671, 102 S.E. 2d 229 (1958). Occurrences or events which may affect the value

of the property after the date of the taking are not cognizable in an assessment of damages in an eminent domain proceeding:

"The fundamental principle that private property cannot be taken by eminent domain without just compensation requires that the fair market value of the property condemned shall be determined *as of the date of the taking, and unaffected by any subsequent change in the condition of the property.*" (Emphasis supplied.) *Highway Commission v. Black, supra,* and quoted with approval in *DeBruhl v. Highway Commission, supra.*

Additionally, only damages proximately and directly caused by the taking at the time of the taking are recoverable. Any damages which respondents seek as a result of improper, unlawful, or negligent construction of the sewer line *after* the taking, must be sought in a separate action:

"If the damage for which recovery is sought is the result of improper, unlawful, or negligent construction or maintenance, recovery may not be had therefor in the (eminent domain) proceeding. The owner is relegated in such a case to a common-law action for damages . . . Trespass upon the remainder is likewise not to be considered in the assessment of damage in a partial-taking case, and this is true whether the trespass is a matter of past history or future possibility." Nichols on Eminent Domain, Consequential Damages, Vol. 4A, §§ 14.245[1] and 14.245[2].

We hold that it was reversible error to admit evidence of the sewer overflow in these proceedings. Respondents may proceed in a separate suit for trespass or nuisance damages for injuries sustained subsequent to the taking, but they cannot recover for such damages in this proceeding.

Since it cannot be determined whether the sewer overflow was a major consideration of the jury in assessing the damages awarded in this case, a new trial must be had.

Petitioner assigns other rulings of the court as error. We agree that the court erred in allowing evidence of the resubdivision of lots. However, since this and other errors assigned are not likely to occur at another trial, we do not discuss them.

New trial.

Chief Judge BROCK and Judge MARTIN concur.