BOARD OF TRANSPORTATION, SUBSTITUTED PLAINTIFF v. NEIL E. BROWN AND WIFE, INGRID S. BROWN

No. 7628SC1019

(Filed 19 October 1977)

1. **Eminent Domain § 6.3— land taken for highway—traffic noise—evidence improperly excluded**

    In an action to condemn and appropriate a portion of defendant's land for construction of a controlled access highway facility, the trial court erred in excluding evidence of traffic noise which would cause a diminution in the value of defendant's remaining land.

2. **Eminent Domain § 6.3— land taken for highway—no access for remaining land— evidence admissible**

    In an action to condemn and appropriate a portion of defendant's land for construction of a controlled access highway facility, the trial court erred in failing to instruct the jury that there would be no direct access from defendant's remaining land to the highway and that this denial of access should be considered in determining the fair market value of the remaining land.

    Judge HEDRICK concurring in result.

DEFENDANTS appeal from *Ervin, Judge*. Judgment entered 20 July 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 20 September 1977.

Plaintiff began condemnation action on 14 May 1973 to condemn and appropriate approximately 8 of 52.2 acres of defendant's land for construction of a controlled access highway facility pursuant to N.C. G.S. § 136-89.52. The 8 acres were taken for fee simple right-of-way and perpetual easement for drainage and construction. Access from the new roadway to be constructed on the taken acres was denied defendant's remaining lands.

All of the evidence tended to show that the highway would be a four-lane, high-speed, controlled-access facility; that the construction would involve high cuts; that the highest and best use of the property was for rural, residential homesites or residential subdivision. The defendants' evidence of the difference between the fair market value of the lands before and after the taking ranged from $24,000 to $41,000 while the plaintiff's ranged from $8,375 to $9,088.

The court excluded all evidence as to the effect of traffic noise on defendants' remaining lands and instructed the jury not to consider any such effect. The jury awarded $14,500 to defendants as just compensation for the taking. From the judgment defendants appeal.

*Attorney General Edmisten by Senior Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Alfred N. Salley for the Board of Transportation.*

*Lentz & Ball by Ervin L. Ball, Jr., Long, McClure & Dodd by Robert B. Long, Jr., for defendant appellants.*

CLARK, Judge.

[1] The defendants assign as error the exclusion by the trial court of evidence of traffic noise from the controlled-access highway to be constructed on part of their land taken by the petitioner, causing a diminution in value of their remaining land.

This issue was properly raised by the defendants. The record on appeal reveals that defendant Neil E. Brown testified, in pertinent part, and the court ruled, as follows:

"[A]nd there's going to be noise, there's going to be damage —

MR. SALLEY: Objection; motion to strike.

THE COURT: Objection sustained. Motion to strike allowed. Don't consider the statement about there's going to be noise, or things of that kind, Ladies and Gentlemen. EXCEPTION NO. 2."

The defendant witness had no opportunity to show noise as an element of damage and to show its relationship to the land taken.

The measure of damages where only a part or a tract of land is appropriated for highway purposes is well established by case law and statute [G.S. 136-112(1)], as follows: the difference between the fair market value of the entire tract immediately before the taking and the fair market value of what is left immediately after the taking, with consideration being given to any general or special benefits resulting from the utilization of the part taken for highway purposes. *Highway Commission v. Black*, 239 N.C. 198, 79 S.E. 2d 778 (1954); *City of Kings Mountain v. Cline*, 19 N.C. App. 9, 198 S.E. 2d 64 (1973).

In determining the fair market value of the remaining land the owner is entitled to damage which is a consequence of the taking of a portion thereof, that is, for the injuries accruing to the residue from the taking, which includes damage resulting from the condemnor's use of the appropriated portion. *Light Co. v. Creasman*, 262 N.C. 390, 137 S.E. 2d 497 (1964); *City of Greensboro v. Sparger*, 23 N.C. App. 81, 208 S.E. 2d 230 (1974).

The value of the land taken should be ascertained as of the date of taking, *Power Co. v. Hayes*, 193 N.C. 104, 136 S.E. 353 (1927). The fair market value of the remainder immediately after the taking contemplates the project in its completed state and any damage to the remainder due to the user to which the part appropriated may, or probably will, be put. *Light Co. v. Creasman, supra.*

The project, for which a part of defendants' land was appropriated, was a controlled-access highway. Clearly the highway was to be used by vehicular traffic. The question is whether the traffic noise on this controlled-access highway is an element of damage to the remainder of defendants' lands. Although at one time noise was considered too speculative to be considered as an element of compensable damage, the Supreme Court of North Carolina has held in two railroad cases that jarring, *noise*, smoke and cinders may be considered in determining the damage done to the remainder land. *See R.R. v. Armfield*, 167 N.C. 464, 83 S.E. 809 (1914), and *R.R. v. Manufacturing Co.*, 169 N.C. 156, 85 S.E. 390 (1915).

The plaintiff relies on *Light Co. v. Creasman, supra*, contending that this case overrules the two railroad cases. In *Creasman*, the petitioner took .012 acre of defendants' 0.425-acre tract in connection with the construction and operation of a new steam plant. The

trial court admitted evidence, over objections by petitioner, relating to general changes in the community and depreciation in value of residential property caused by the steam plant, together with the dam, the lake, and the railroad to the plant. It was held that the admission of this incompetent evidence was prejudicial error, and the court stated: "Such damages, if any, as may be caused *thereby* to respondents' remaining property occur without reference to whether any portion of respondents' property is condemned. In short, they do not result from the taking of a portion of respondents' property." 262 N.C. at 402, 137 S.E. 2d at 506.

We do not construe *Creasman* to overrule the two railroad cases; rather, we find that the court ruled that evidence of various elements of damage which reduced the value of the remainder land were common to all neighborhood property and not property related to the use of the land taken from respondents. Part of the respondents' tract was taken for the power plant, and if their evidence had been restricted to such damage to the remaining property which resulted from the taking of a part for use as a power plant site, such evidence would have been admissible, even though others in the community suffered damage to their property from the use of the site as a power plant.

Noise or any other element of damages to the remaining lands is compensable only if it is demonstrably resultant from the use of the particular lands taken. "If only a portion of a single tract is taken the owner's compensation for that taking includes any element of value *arising out of the relation of the part taken to the entire tract.*" (Emphasis added.) *United States v. Miller,* 317 U.S. 369, 376, 63 S.Ct. 276, 281, 87 L.Ed. 336, 344 (1943). "The rule supported by better reason and the weight of authority is that the just compensation assured by the Fifth Amendment to an owner, a part of whose land is taken for public use, *does not* include the diminution in value of the remainder, caused by the acquisition and use of adjoining lands of others for the same undertaking." (Emphasis added.) *Campbell v. United States,* 266 U.S. 368, 372, 45 S.Ct. 115, 117, 69 L.Ed. 328, 330 (1924).

The landowner who has a part of his tract taken has the burden of proving by competent evidence this relationship, that is, how the use of the land taken results in damage to the remainder. And if noise or other elements of damage are common to others in the neighborhood, some jurisdictions place the burden on the landowner of apportioning the damage to the particular land taken. Others may permit compensation where separate ascertainment or apportion-

ment of damages is impossible. Annot. 59 A.L.R. 3d 488, § 3(b) (1974). The two railroad cases, *R.R. v. Armfield, supra,* and *R.R. v. Manufacturing Co., supra,* did permit consideration of noise without demanding apportionment. In *sub judice,* we find the exclusion of defendants' evidence of noise was prejudicial error.

[2] Defendants also assign as error the failure to instruct the jury that the controlled-access highway, with no direct access thereto, should be considered in assessing damages. G.S. 136-89.52 in pertinent part provides:

> ". . . Where part of a tract of land is taken or acquired for the construction of a controlled-access facility on a new location, the nature of the facility constructed on the part taken, including the fact that there shall be no direct access thereto, *shall be considered* in determining the fair market value of the remaining property immediately after the taking." [Emphasis added.]

In *Highway Comm. v. Gasperson,* 268 N.C. 453, 150 S.E. 2d 860 (1966), it was held that it was reversible error for the trial court to instruct the jury that denial of access should not be considered in view of the provision in G.S. 136-89.52 that the denial of such rights of access is a factor to be considered. Though the statute was amended after this decision, the present statute as quoted, by implication, requires the trial court to instruct the jury on the nature of the controlled-access facility, and that this denial of access should be considered in determining the fair market value of the remaining land. The failure to do so is error.

The judgment is reversed, and we order a

New trial.

Judge VAUGHN concurs.

Judge HEDRICK concurs in result.

Judge HEDRICK, concurring in the result.

I agree with the majority that the trial judge erred to the defendants' prejudice by failing to instruct the jury in this case that the fact that the defendants have no direct access to the highway constructed on the property shall be considered in determining the fair market value of the remaining property immediately after the

taking. In my opinion, however, defendants have failed to show prejudicial error in the trial judge's rulings described in the majority opinion.