DEPARTMENT OF TRANSPORTATION v. FRANK BRAGG AND WIFE, JO ANNE
BRAGG; ORVILLE D. COWARD, TRUSTEE; AND DON D. COGDILL AND WIFE,
CLEM H. COGDILL

No. 8130SC1408

(Filed 2 November 1982)

**Eminent Domain § 6.4— highway right-of-way—damages to remaining land result-
ing from construction**

  In an action to condemn land for a highway right-of-way, evidence of
damages resulting from water seepage caused by construction of the highway
was inadmissible to establish severance damages to the remaining portions of
defendant landowners' property since compensation must be determined as of
the date of the taking.

APPEAL by defendants from *Sitton, Judge.* Judgment entered
22 June 1981 in Superior Court, JACKSON County. Heard in the
Court of Appeals 14 October 1982.

Defendants appeal the allowance of a motion *in limine* bar-
ring receipt of evidence regarding disturbance of the flow of sur-
face or underground water that occurred after the State
Department of Transportation took a right of way to facilitate
widening of U.S. Highway 441 in Jackson County.

*Attorney General Edmisten, by Assistant Attorney General
Frank P. Graham, for the State.*

*Coward, Coward & Dillard, P.A., and Brown, Ward &
Haynes, P.A., by H. H. Ward, Jr., for defendant-appellants.*

HILL, Judge.

Defendants Frank Bragg and his wife, Jo Anne Bragg, own a
motel and 1.34 acres of land abutting U.S. Highway 441 on the
easterly margin. The other defendants' interest in the land arises
from a deed of trust on the premises.

On 28 March 1978, the State brought this condemnation ac-
tion for a right of way on the east side of Highway 441. As part of
its road-widening project, the Department of Transportation
subsequently excavated a spring located within its right of way
on the west side of Highway 441 and then filled and compacted
the area for a roadbed. The spring formerly had drained into
Shoal Creek via a pipe running east under Highway 441 and

across defendants' property. Apparently, this pipeline was discon-
nected in the course of excavation. As a result, water began seep-
ing into defendants' motel and surrounding lands, particularly
when heavy traffic traversed the highway.

The State made an oral motion *in limine* requesting exclusion
of any evidence of water damage. The trial court concluded that
any damages resulting from water seepage arose after the taking
and therefore could not be considered in assessing damages in
this condemnation proceeding. Assuming the order of the trial
court is interlocutory and not appealable, we treat this appeal as
a petition for a writ of certiorari and allow the writ in order to
dispose of the matter on its merits. *See Plumbing Co. v.
Associates*, 37 N.C. App. 149, 245 S.E. 2d 555, *disc. rev. denied*,
295 N.C. 648, 248 S.E. 2d 250 (1978).

Defendants contend the trial judge erred in allowing
plaintiff's motion *in limine*. They argue that evidence of water
seepage should be admitted to establish severance damages to
the remaining portions of their land.

Plaintiff urges that defendants are limited to the measure of
damages prescribed in G.S. 136-112(1):

> Where only a part of a tract is taken, the measure of
> damages for said taking shall be the difference between the
> fair market value of the entire tract immediately prior to
> said taking and the fair market value of the remainder im-
> mediately after said taking, with consideration being given to
> any special or general benefits resulting from the utilization
> of the part taken for highway purposes.

Clearly, the foregoing formula contemplates a particular date;
that is, the date of taking. It does not contemplate consideration
of damages that might later arise during construction. The filing
of the complaint and declaration of taking, together with pay-
ment of any deposit into court, vests title and right of possession
in the condemning authority as of the date of filing. G.S. 136-104;
*State v. Johnson*, 278 N.C. 126, 179 S.E. 2d 371 (1971).

This Court addressed the question in *City of Greensboro v.
Sparger*, 23 N.C. App. 81, 208 S.E. 2d 230 (1974), in which land-
owners sought to present evidence of water damage that occurred

after the city had condemned a sewer line right of way. Chief Judge Morris stated:

> Compensation must be determined as of the time of the taking. (Citations omitted.) Occurrences or events which may affect the value of the property after the date of the taking are not cognizable in an assessment of damages in an eminent domain proceeding. . . .
>
> Additionally, only damages proximately and directly -caused by the taking at the time of the taking are recoverable. Any damages which respondents seek, as a result of improper, unlawful, or negligent construction of the sewer line *after* the taking, must be sought in a separate action.

23 N.C. App. at 82-83, 208 S.E. 2d at 231. *See also Charlotte v. Spratt,* 263 N.C. 656, 140 S.E. 2d 341 (1965); *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778 (1954); and *Debruhl v. Highway Commission,* 247 N.C. 671, 102 S.E. 2d 229 (1958).

Severance damages are limited to the value of the land as of the date of taking. Defendant's claim of water damage may be considered in a future inverse condemnation proceeding.

The trial court properly allowed the motion *in limine.* The decision of the trial court is

Affirmed.

Judges HEDRICK and WHICHARD concur.