DEPARTMENT OF TRANSPORTATION v. FRANK BRAGG AND WIFE, JO ANNE BRAGG, ORVILLE D. COWARD, TRUSTEE, AND DON D. COGDILL AND WIFE, CLEM H. COGDILL

No. 670PA82

(Filed 3 May 1983)

**1. Eminent Domain § 6.3— highway construction—condemnation of portion of tract—damages to remaining land resulting from construction**

When the Department of Transportation condemns only a part of a tract of land for highway construction, the owners may introduce at the jury trial on the issue of compensation any evidence of damage to the remaining property caused by the Department of Transportation before the opening of the jury trial. Therefore, defendant owners were entitled to show any damage to their remaining property caused by plaintiff condemnor's diversion of water from a spring during the construction of the highway project prior to trial. G.S. 136-112(1).

**2. Eminent Domain § 14.1— diversion of water by highway construction project—damages to remaining property—interest acquired by condemnor**

If the jury finds that the diversion of water by plaintiff condemnor's highway construction project caused permanent injury to defendant landowners' remaining property, plaintiff would acquire a permanent drainage easement over the property of defendants, but if the jury finds that the injury is not permanent, defendants would be entitled to compensation for the taking of a temporary drainage easement. G.S. 136-111 and G.S. 136-103.

**3. Eminent Domain § 6.3— condemnation for highway construction—damages from water diversion—evidence of cost to cure diversion**

> In determining the amount of damages which defendant landowners may be entitled to recover for an alleged water diversion as a part of just compensation, evidence of the "cost to cure" the water diversion would be competent.

ON discretionary review of the decision of the Court of Appeals, 59 N.C. App. 344, 296 S.E. 2d 657 (1982), affirming an order entered by *Sitton, J.,* at the 22 June 1981 Session of Superior Court, JACKSON County.

Defendants are owners of a motel and parcel of land bounded on the west by U.S. Highway 441 and on the east and south by Shoal Creek. Until the commencement of the highway construction involved in this suit, a natural spring was located west of Highway 441 across from defendants' property. Water from the spring passed under the highway through a pipe six or eight inches in diameter and drained across the southern part of defendants' land into Shoal Creek.

On 28 March 1978, the Department of Transportation filed a complaint pursuant to N.C.G.S. 136-103 to acquire various easements and to condemn a strip of defendants' land east of Highway 441 in order to widen the road. During the resulting highway construction, the Department of Transportation excavated the area in which the spring to the west of defendants' property was located and disconnected the drainage pipe that ran under the road. The area atop the spring was compacted with rocks and earth, but no provision was made for the drainage of the spring. As a result, the spring began draining across defendants' property by a course running under defendants' motel. This new drainage pattern, which was located outside the property acquired by the Department in its 28 March 1978 complaint, caused water to seep into the motel and surrounding land, particularly when heavy vehicles travelled the highway in front of the motel.

During pretrial proceedings pursuant to N.C.G.S. 136-108, the trial court granted the Department's motion in limine to exclude from the jury trial on the issue of damages evidence with respect to injury caused by the spring, and defendants appealed the ruling to the Court of Appeals. The Court of Appeals affirmed the trial court, and we granted defendants' petition for discretionary review.

*Rufus L. Edmisten, Attorney General, by Eugene A. Smith, Senior Deputy Attorney General, and Frank P. Graham, Assistant Attorney General, for plaintiff appellee.*

*Coward, Coward & Dillard and Brown, Ward, Haynes & Griffin, by H. S. Ward, Jr., for defendant appellants.*

MARTIN, Justice.

The sole question presented for review is whether Judge Sitton erred in granting plaintiff's pretrial motion to exclude from trial evidence of injury and damage to the remainder of defendants' property which occurred after the Department of Transportation condemned part of the tract. This question concerns the elements of damages which should be considered in determining the amount of compensation to be paid the landowners. We hold that it was error to grant the motion and thus reverse the decision of the Court of Appeals and remand for further proceedings not inconsistent with this opinion.

On 28 March 1978, the Department of Transportation filed a complaint condemning part of defendants' property for the purpose of widening U.S. Highway 441. By N.C.G.S. 136-104 this filing had the effect of immediately vesting title to and right of possession of the property in the Department of Transportation. After 28 March 1978, the Department began widening and improving a section of Highway 441 adjacent to defendants' land. In the process the Department caused surface and subsurface water from a spring formerly originating to the west of the highway to drain in a new course running under defendants' motel and then into Shoal Creek. In a motion in limine, plaintiff sought to prevent the introduction at trial of evidence of the new drainage pattern and the injury it caused to defendants' remaining property. The trial court ruled that this evidence was inadmissible. We hold that this ruling was error.

Evidence of damage caused by the alleged water diversion is relevant to a determination of the amount of just compensation due for the taking of the property described in the 28 March 1978 complaint. When the Department of Transportation condemns only part of a tract of land, the owners of the land are entitled to receive the difference between the fair market value of the entire tract immediately before the taking and the fair market value of

the remaining property after the taking, less any general and special benefits. N.C. Gen. Stat. § 136-112(1) (1981). *See also, e.g., Charlotte v. Recreation Comm.,* 278 N.C. 26, 178 S.E. 2d 601 (1971); *Gallimore v. Highway Comm.,* 241 N.C. 350, 85 S.E. 2d 392 (1955); *Power Co. v. Hayes,* 193 N.C. 104, 136 S.E. 353 (1927). *See generally Power Co. v. Winebarger,* 300 N.C. 57, 265 S.E. 2d 227 (1980); Nichols, 4A *Eminent Domain* §§ 14.01-.02 (1981). In determining the fair market value of the remaining property, the owner is entitled to recover compensation for any damage caused to the remainder as a result of the condemnor's use of the appropriated portion. *Board of Transportation v. Warehouse Corp.,* 300 N.C. 700, 268 S.E. 2d 180 (1980); *Light Company v. Creasman,* 262 N.C. 390, 137 S.E. 2d 497 (1964); *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778 (1954); *Board of Transportation v. Brown,* 34 N.C. App. 266, 237 S.E. 2d 854 (1977), *aff'd per curiam,* 296 N.C. 250, 249 S.E. 2d 803 (1978). That is, "[t]he fair market value of the remainder immediately after the taking contemplates the project *in its completed state* and any damage to the remainder due to the user [*sic*] to which the part appropriated may, or probably will, be put." *Board of Transportation v. Brown, supra,* 34 N.C. App. at 268, 237 S.E. 2d at 855 (emphasis ours).

[1] In *Board of Transportation v. Warehouse Corp., supra,* this Court was concerned with what elements of damages could be considered by the jury in determining just compensation to be paid the landowner. One such element was water damage to the landowner's remaining property caused by the diversion of Gashes Creek after the date of taking. Although the Court was principally deciding whether the reasonable use rule of surface water drainage, adopted in *Pendergrast v. Aiken,* 293 N.C. 201, 236 S.E. 2d 787 (1977), was applicable to condemnation proceedings, it held:

> It follows, therefore, "that a body possessing the right to exercise the power of eminent domain is required to make compensation for damages to land not taken resulting from the obstruction or diversion of, or other interference with, the natural flow of surface water, by a public improvement, *although a private landowner would not be liable in damages under the same circumstances,* upon the ground that such obstruction, diversion, or interference is a taking or damaging of such land within the meaning of a constitutional pro-

vision requiring compensation to be made on the taking or damaging of private property for public use."

300 N.C. at 706, 268 S.E. 2d at 184 (citations omitted). In *Warehouse Corp.*, the jury was allowed to consider as an element of just compensation damage to the landowner's remaining property caused by the diversion of water occurring after the taking. Therefore, we hold that when the Department of Transportation takes only a part of a tract of land, the owners may introduce at the jury trial on the issue of compensation any evidence of damage to the remaining property caused by the Department of Transportation before the opening of the jury trial. Here, defendants were entitled to show any damage to their remaining property caused by plaintiff's diversion of water during the construction of the highway project prior to trial. *Id.*

[2, 3] If the jury finds that the injury is permanent in nature, plaintiff would acquire a permanent drainage easement over the property of defendants.[1] If the jury finds that the injury is not permanent, defendants would be entitled to be compensated for the taking of a temporary drainage easement. In determining the amount of damages which defendants may be entitled to recover for the alleged water diversion as a part of just compensation, evidence of the "cost to cure" the water diversion would be competent. *Cf.* Nichols, 4A *Eminent Domain* § 14.04 (1981); 27 Am. Jur. 2d *Eminent Domain* § 314 (1966).

For reasons stated above, the decision of the Court of Appeals is reversed and the case is remanded to the superior court for further proceedings.

Reversed and remanded.

---

1. In this respect the evidence disallowed below would have been competent to show that, in effect, the Department of Transportation had inversely condemned a permanent drainage easement not listed in its original complaint. *See* N.C. Gen. Stat. § 136-111 (1981). *Cf. Board of Transportation v. Warehouse Corp.*, 300 N.C. 700, 268 S.E. 2d 180 (1980); *City of Kings Mountain v. Goforth*, 283 N.C. 316, 196 S.E. 2d 231 (1973). A property owner may initiate a proceeding to receive just compensation for inverse condemnation of his property by the Department of Transportation. N.C. Gen. Stat. § 136-111 (1981). However, when, as here, the Department has initiated a partial taking under N.C.G.S. 136-103 and trial on the issue of damages has not yet occurred, principles of judicial economy dictate that the owners of the taken land may allege a further taking by inverse condemnation in the ongoing proceedings.