METROPOLITAN SEWERAGE DISTRICT OF BUNCOMBE COUNTY, NORTH CAROLINA, A PUBLIC BODY AND BODY POLITIC AND CORPORATE OF THE STATE OF NORTH CAROLINA v. KATHRYN HIPPS TRUEBLOOD, AND HUSBAND, PAUL R. TRUEBLOOD; COUNTY OF BUNCOMBE

No. 8228SC1014

(Filed 1 November 1983)

**Eminent Domain § 13.4— eminent domain—compensation—evidence irrelevant and improperly admitted**

In a civil action to establish the amount of compensation due respondents as a result of the appropriation by petitioner of an easement over respondents' property, the trial court erred in allowing certain photographs to be submitted as illustrative of testimony since the photographs tended to show damages

---

resulting from petitioner's construction activities after the taking had already occurred and were not relevant to the issue of compensation for the taking of the sewer easement.

APPEAL by petitioner from *Friday, Judge.* Judgment entered 29 March 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 24 August 1983.

This is a civil action to establish the amount of compensation due respondents as a result of the appropriation by petitioner, pursuant to its power of eminent domain, of an easement over respondents' property.

This action was initiated on 20 January 1981 when petitioner filed a condemnation petition against respondents seeking a sewer easement over respondents' property. On 23 March 1981, an order was entered by the Clerk of Superior Court of Buncombe County, establishing petitioner's right to the requested easement and vesting petitioner with the right to possess and enter upon the easement. Respondents objected to the order on the grounds that the amount of compensation awarded was inadequate. The order and award were confirmed on 28 April 1981 and the matter proceeded to trial in Superior Court.

This case was tried before a jury on the issue of compensation at the 15 February 1982 Session of Superior Court. At trial, respondents introduced into evidence testimony and photographs concerning and depicting various aspects and stages of the construction work then in progress on their property. This evidence was introduced over the general objections of counsel for petitioner. The following excerpts from the transcript as it appears in the record contain the limiting instructions issued by the court with respect to the challenged photographs and also indicate the nature and substance of the challenged testimony:

First photograph (Exhibit L-15):

COURT: Members of the Jury, now, I am going to let this in for the sole purpose of illustrating the heights of the manhole and for no other purpose. You will not consider it for any other purpose. If you find it illustrates the witness's testimony about the height and width of the manhole. [sic].

Second photograph (Exhibit L-21):

[Respondents' witness]: A tremendous amount of rock has been pushed over onto the banks of the creek greatly narrowing the creek.

[Respondents' attorney]: All right, I would like this marked as L-21.

[Respondents' attorney]: I'll show you landowners Exhibit Number 21. Does this fairly and accurately represent the rock that was blasted and pushed over into the creek after the taking by the sewer company?

[Respondents' witness]: Yes, sir.

[Respondents' attorney]: I would like to offer this into evidence for the purpose of illustrating the witness' testimony.

COURT: Well members of the Jury, the Court will allow this in for the purpose of illustrating her testimony about the rock, if you find it does so and for no other purpose.

After the presentation of evidence and testimony by petitioner and respondents, the following issue was submitted to the jury and answered as indicated:

"What sum are the Respondents, Kathryn Hipps Trueblood and husband, Paul R. Trueblood, entitled to recover of the Petitioner the Metropolitan Sewerage District of Buncombe County, North Carolina, as just compensation for the appropriation of an easement in their property for sewer line purposes on January 20, 1981?"

ANSWER: "$20,000.00."

Judgment was entered accordingly on 29 March 1982 and petitioner appealed.

*Redmond, Stevens, Loftin and Currie, by Gwynn G. Radeker, for petitioner appellant.*

*Gudger, Reynolds, Ganley & Stewart, by Joseph C. Reynolds, for respondent appellees.*

JOHNSON, Judge.

On appeal, petitioner excepts to and assigns as error the rulings by the court allowing the challenged photographs into evidence and the limiting instructions accompanying their admission. Petitioner also excepts to and assigns as error the admission into evidence of testimony by respondents' witness concerning the construction work and excavation as it was in progress. Petitioner contends that the evidence objected to shows conditions that existed on respondents' property during and after the construction of the sewer line. Petitioner argues that this evidence is irrelevant to the issue of compensation for the appropriation by petitioner of the sewer easement over respondents' property and that it was prejudicial and should therefore have been excluded.

Respondents argue that the photographs objected to were properly admitted for the purpose of illustrating the testimony of the witness. Respondents argue that the petitioner was insulated from any prejudicial effect of the challenged photographs by the court's limiting instructions and by the opportunity to use any discrepancy in the photographs as a basis for cross-examination. Respondents also argue that the admissibility of illustrative evidence is a matter within the discretion of the trial court and that rulings on such matters will not be disturbed on appeal absent a showing of an abuse of discretion. With respect to the challenged testimony, respondents argue that it concerned a relevant personal observation of conditions on their property and was designed to aid the jury in its determination of the amount of damages.

All of the respondents' arguments are premised on the key assumption that the issue, with respect to which the challenged evidence is allegedly relevant, was properly before the court. We hold that it was not.

An appeal to Superior Court from a condemnation proceeding puts the issue of compensation for damages resulting from the taking before the court *de novo. Proctor v. Highway Commission,* 230 N.C. 687, 55 S.E. 2d 479 (1949). It is well settled in this state that the proper amount of compensation to be awarded is the difference in the value of the property immediately before and immediately after the taking. *City of Greensboro v. Sparger,* 23 N.C. App. 81, 208 S.E. 2d 230 (1974). Compensation must be determined as of the time of the taking. *Id.; DeBruhl v. Highway Commission,*

247 N.C. 671, 102 S.E. 2d 229 (1958). Occurrences or events that may affect the value of the property subsequent to the taking are not properly considered in an assessment of damages in a condemnation proceeding. *City of Greensboro v. Sparger, supra.*

Here, the challenged testimony is in no way relevant to the issue of compensation as defined above. *Greensboro v. Garrison,* 190 N.C. 577, 130 S.E. 203 (1925), cited by respondents in support of their position, involves a challenge to the opinion testimony of a witness as to the value of property before and after the installation of a sewer line. There, it was the witness' expression of an opinion that was challenged and not, as here, the relevance of testimony to the issue of compensation. A witness' opinion as to the value of land is clearly relevant to the issue of compensation for a taking resulting from a condemnation. However, testimony concerning construction subsequent to the taking and subsequent to the time fixed for determining compensation clearly is not relevant to that issue and respondents' reliance on *Greensboro v. Garrison, supra,* is misplaced.

Similarly, the photographs submitted as illustrative of respondents' witness' testimony are not relevant to the issue of compensation for the taking of the sewer easement. Like the challenged testimony, the photographs tend to show damages resulting from petitioner's construction activities after the taking had already occurred. Such damages may be considered in a further nuisance or trespass action but are not cognizable in the present case. *City of Greensboro v. Sparger, supra.* Moreover, any probative value that the photographs may have had with respect to the proper amount of damages was nullified by the trial court's instructions limiting the application of the evidence only to issues not properly before the court.

We conclude that the challenged evidence was improperly admitted with respect to the issue of just compensation for the taking by condemnation and could have unfairly prejudiced the jury. Having so concluded, we need not address the other argument advanced by petitioner in this appeal. We therefore vacate the verdict and the judgment based thereon and remand the cause for a new trial in accordance with this opinion.

Dolbow v. Holland Industrial

New trial.

Judges WHICHARD and EAGLES concur.