STATE OF NORTH CAROLINA v. THRIFT LEASE, INC.; HERBERT N. FRAN-
CIS AND WIFE, HERSEL FRANCIS; R. WORTH MANGUM, TRUSTEE;
SURYAKANT PATEL AND WIFE, JASHU PATEL; KANTILAL PATEL AND
WIFE, JYOTI PATEL; FIRST UNION NATIONAL BANK; GENE D. CLARK,
TRUSTEE; RAYMOND P. HOWELL; MARY W. MAUNEY; CHARLES E.
CLEMENT, TRUSTEE

No. 8424SC926

(Filed 4 June 1985)

1. Eminent Domain § 5.1— damages for taking of part of tract

When part of a tract of land is appropriated by the State for public pur-
poses, the measure of damages is the difference between the fair market value
of the entire tract immediately before the taking and the fair market value of
the remaining property immediately after the taking, and that difference is off-
set by any general or special benefits accruing to the owner.

2. Eminent Domain § 6.8— benefits to remaining property from road construction

The trial court in an eminent domain proceeding did not err in allowing
testimony by plaintiff's experts as to the increased value of defendant's re-
maining land after construction of a state secondary paved road partially on
land taken by condemnation from defendant and partially on a right of way
which already contained a dirt and gravel road.

APPEAL by defendant Thrift Lease, Inc. (hereafter defendant)
from *Saunders, Chase B., Judge.* Judgment entered 19 April 1984
in Superior Court, WATAUGA County. Heard in the Court of Ap-
peals 17 April 1985.

Defendant appeals from a judgment denying it compensation
for the partial taking of its property by eminent domain.

Defendant originally owned a tract of land consisting of 11.17
acres, fronting approximately 191.46 feet on U.S. Highway 321 in
the city of Boone. In 1977 it conveyed 1.66 acres located at the
northern boundary of the tract to Region D Council of Govern-
ments (Region D) and included in the conveyance a thirty foot

right of way from U.S. Highway 321 to the property involved. Region D constructed a dirt and gravel road on the right of way. It subsequently conveyed the 1.66 acre tract and the right of way to a third party who conveyed it to plaintiff.

Plaintiff thereafter condemned an additional fifteen feet on each side of the original right of way on defendant's property, the condemned property comprising .85 acre. Using the additional width, plaintiff replaced the dirt and gravel road with a paved, lighted road as part of the State's secondary road system. This road is nearly a mile in length and serves property of Appalachian State University. Defendant's remaining 8.65 acres lie adjacent to both sides of the road.

In a proceeding to assess compensation for the taking of defendant's property the jury determined that defendant was entitled to no compensation.

Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for plaintiff appellee.*

*McElwee, McElwee, Cannon & Warden, by William H. McElwee, III, for defendant appellant.*

WHICHARD, Judge.

Defendant requests a new trial on the issue of compensation on the grounds that the court erred in allowing plaintiff's experts to testify as to the value of defendant's property after the taking of the .85 acre and in summarizing this testimony in its instructions to the jury. We find no error.

[1]   When part of a tract of land is appropriated by the State for public purposes, the measure of damages is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of the remaining property immediately after the taking. *Dept. of Transportation v. Bragg*, 308 N.C. 367, 369-70, 302 S.E. 2d 227, 229 (1983). *See also Kirkman v. Highway Commission*, 257 N.C. 428, 432-33, 126 S.E. 2d 107, 111 (1962); *Templeton v. Highway Commission*, 254 N.C. 337, 339, 118 S.E. 2d 918, 920 (1961). That difference is offset by any general or special benefits accruing to the owner. *Dept. of*

*Transportation*, 308 N.C. at 369-70, 302 S.E. 2d at 229; *Kirkman*, 257 N.C. at 433, 26 S.E. 2d at 111.

Here plaintiff's experts testified that the fair market value of the entire tract before the taking was between $500,000 and $520,000; the fair market value of the remaining property after the taking was between $600,600 and $650,000. Thus, although the taking diminished plaintiff's tract by .85 acre, it increased the value of the remaining acreage beyond the worth of the whole tract before the taking. This was due, experts testified, to the enhanced value of property served by a State secondary road.

[2] Defendant contends that the court erred in allowing plaintiff's experts to testify to the value of its property after the taking because the experts based their valuation on benefits derived from the completed highway project. Defendant contends that its property was already benefitted by the dirt and gravel road on the thirty foot right of way conveyed by a third party to plaintiff before the taking. Plaintiff's experts, defendant contends, should have based their valuation only on the benefits conferred on defendant by the taking of the additional thirty foot right of way.

Defendant's contentions are incorrect. As plaintiff notes, defendant's argument is based upon the false premise that in determining whether its property was benefitted only those improvements that are physically located within the area taken can be considered. The law is otherwise. Those benefits (or damages) to condemned land *which arise from the particular improvement* for the purpose of which the owner's land was taken or damaged may be considered in determining just compensation. *Kirkman*, 257 N.C. at 433, 126 S.E. 2d at 111.

Thus in *Dept. of Transportation*, 308 N.C. 367, 302 S.E. 2d 227, the owner was entitled to recover compensation for damage caused by diversion of water onto his remaining property as a result of the condemnor's use of the appropriated portion, *id.* at 370, 302 S.E. 2d at 229, i.e., the owner was entitled to recover compensation for damage arising from the taking. The damage was not confined to the area taken. The Court stated that determining the fair market value of the property after the taking contemplates the impact of the project *in its completed state* upon the remainder. *Id.* Other cases cited by plaintiff are in accord.

See, e.g., *Board of Transportation v. Rand*, 299 N.C. 476, 263 S.E. 2d 565 (1980) (testimony that value of defendants' land was increased by the taking because roadway fronting the property was paved and stating dollar value of land before and after the taking sufficient to require instructions); *Goode v. Asheville*, 193 N.C. 134, 136 S.E. 340 (1927) (jury shall view the land and assess damages and special benefit, advantage, or enhanced value which shall accrue by reason of the improvement).

Here plaintiff constructed a State secondary road containing concrete curbs, gutters, and storm drains. It is lighted with lights mounted on salt treated poles and arch lamps on tapered aluminum poles. Four curb cuts give defendant access to its adjacent property. The evidence is uncontradicted that defendant intends to develop its tract to its highest and best use as commercial property. *See Williams v. Highway Commission*, 252 N.C. 514, 517, 114 S.E. 2d 340, 342 (1960) (highest and best use of property one factor to be considered in determining market value). It is further uncontradicted that commercial property adjacent to a secondary road maintained by the State is more valuable than commercial property adjacent to a dirt and gravel road. Defendant's own witness testified that buyers almost universally try to purchase property on a State maintained road if they are able.

We thus find no error in the allowance of testimony of plaintiff's experts as to the increased value of defendant's remaining land after construction of a State secondary road partially on land taken by condemnation from defendant and, correspondingly, no error in the court's summary of this testimony in its instructions.

No error.

Judges JOHNSON and EAGLES concur.