CLARKSON, J., dissenting.
The plaintiff, Carrie R. Thompson, is now and has been continuously since some time prior to April, 1929, the owner of a lot in the city of Reidsville, N.C. This lot is located on a corner at the intersection of Morehead Street and West Market Street. It fronts on Morehead Street, which runs east and west, a distance of about 100 feet, and on West Market Street, which runs north and south, a distance of about 40 feet. Both streets are paved with asphalt, and afford easy access to persons traveling over and along said streets, in automobiles or other vehicles, to the sidewalks, which lie between said streets and plaintiffs' lot. There is situate on this lot a two-story brick building, which was designed and constructed for use as a retail store, and offices. There are entrances to the store from the sidewalks on both Morehead Street and West Market Street.
Prior to April, 1928, the plaintiffs had leased the store in said building to a lessee, who conducted in said store a retail mercantile business, from the date of his lease, to wit: 23 March, 1925, to some time during the month of May, 1930, when he vacated said store. This lessee had built up a good business with customers, who parked their automobiles on Morehead Street opposite the entrance from said street to the store, and were given "curb-service," while they sat in their parked automobiles. This business constituted a large part of the lessee's business prior to April, 1928, and enabled him to pay his rent promptly and satisfactorily, in accordance with the terms of his lease.
During the month of April, 1928, the defendant, city of Reidsville, caused "No Parking" signs to be placed along Morehead Street, for a *Page 503 
distance of about 100 feet from the intersection of said street with West Market Street, in an easterly direction. These "No Parking" signs were placed on the north side of Morehead Street, just off the sidewalk between said street and plaintiffs' lot. After these signs were placed by the defendant on Morehead Street, persons who had theretofore availed themselves of the "curb-service," which was offered by plaintiffs' lessee, ceased to patronize him, with the result that his business declined in volume. He was unable thereafter to pay his rent as stipulated in his lease, and finally vacated the store in May, 1930. Plaintiffs have been unable to rent said store since 30 May, 1930.
The defendant, city of Reidsville, has maintained "No Parking" signs on Morehead Street continuously since April, 1928. There was no ordinance of said city, prior to the commencement of this action on 17 June, 1930, authorizing or directing the placing of these signs on Morehead Street. The signs were placed and maintained on said street under the orders of the city manager of the defendant, for the purpose of keeping said street open and unobstructed. On the corner at the intersection of Morehead Street and West Market Street, opposite the corner on which plaintiffs' building is situate, is a building owned by the defendant, city of Reidsville, and used as the city's fire department. The fire truck and other apparatus used by the fire department are kept in this building. The fire truck is about 42 feet long. Morehead Street, between the sidewalk which runs by the fire department and the sidewalk on the opposite side of the street, which runs by plaintiffs' building, is 40 feet wide. The "No Parking" signs were placed and maintained on Morehead Street to prevent collisions between the fire truck, when it was necessary to take it from the fire department building, and automobiles or other vehicles on said street.
Since the commencement of this action, to wit, on 14 August, 1930, the defendant, city of Reidsville, has adopted an ordinance, which is as follows:
"Section 312. Be it ordained by the city council of the city of Reidsville that no person, firm or corporation shall park any automobile or other vehicle on the north side of Morehead Street in the city of Reidsville, immediately in front of the city's fire department and extending along said Morehead Street from the intersection of West Market Street for a distance of 82 feet.
The purpose of this ordinance is to facilitate the uninterrupted exit and return of the city fire's trucks.
Provided this ordinance shall not apply to casual stopping of vehicles for the purpose of receiving or letting off passengers or for the purpose of unloading, provided further, that no such vehicles shall be left in *Page 504 
said area unattended, and in no event shall be allowed to stand for a greater length of time than two minutes."
The plaintiffs allege in their complaint that the action of the defendant in placing and maintaining the "No Parking" signs on Morehead Street, on or near the sidewalks adjacent to their building was unlawful, arbitrary, unjust and unreasonable, and that as the result of such action, they have suffered damages in a large sum, (1) by the loss of rents from their building and (2) by the diminished value of their property.
At the conclusion of the evidence introduced at the trial by the plaintiffs, there was a judgment dismissing the action as of nonsuit. From this judgment, plaintiffs appealed to the Supreme Court.
The validity of the ordinance adopted by the defendant, city of Reidsville, on 14 August, 1930, and in force at the time of the trial, is not involved in this action which was begun on 17 June, 1930. The acts of the defendant, of which the plaintiffs complain, were all before the adoption of the ordinance. For this reason the question as to whether or not the ordinance is valid is not presented in this action.
There was no evidence tending to show that the orders of the city manager of the defendant, under which the "No Parking" signs were placed and maintained on Morehead Street, were arbitrary, unreasonable or unjustly discriminatory. These orders were made in the exercise of the police powers of the defendant, and plaintiffs are not entitled to recover of the defendant for any loss suffered by them which was incident to the exercise of this power. There was no error in the judgment dismissing the action as of nonsuit. The judgment is
Affirmed.