ADAMS OUTDOOR ADVERTISING v. N.C. DEPT. OF TRANSPORTATION

[112 N.C. App. 120 (1993)]

Likewise, on the facts of the case *sub judice*, where plaintiffs father and mother of the decedent arrived at the scene of the accident shortly after its occurrence, defendant could have reasonably foreseen that negligence on defendant's part might be a direct or proximate cause of plaintiff parents' emotional distress. We hold that this issue of foreseeability as to the parents for negligent infliction of emotional distress is one for the jury.

One of the elements necessary to establish a claim for negligent infliction of emotional distress is that the plaintiff suffer "severe emotional distress" as a result of the defendant's negligence. *Ruark*, 327 N.C. at 304, 395 S.E.2d at 97. We note that there is no evidence in the record that the brother, Marc Butz, suffered any emotional or mental disorder. As a result, the trial judge properly dismissed the brother's claim at the summary judgment hearing.

In summary, we reverse the trial court in granting summary judgment for defendant on the claims of plaintiffs Earl R. Butz and Linda M. Butz. We affirm the trial court in granting summary judgment for defendant on plaintiff Marc Butz's claim.

The decision of the trial court is reversed in part and affirmed in part.

Judge MARTIN concurs.

Judge GREENE concurs in the result.

———————————

ADAMS OUTDOOR ADVERTISING OF CHARLOTTE, a MINNESOTA LIMITED PARTNERSHIP v. THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 9210SC937

(Filed 21 September 1993)

**Eminent Domain §§ 34, 287 (NCI4th) — DOT's planting of trees — obstruction of billboards — no taking of property**

The obstruction of view of plaintiff's billboards due to the vegetation and trees planted by DOT as part of a highway beautification project did not amount to a taking of plaintiff's property by inverse condemnation. N.C.G.S. § 136-111.

ADAMS OUTDOOR ADVERTISING v. N.C. DEPT. OF TRANSPORTATION

[112 N.C. App. 120 (1993)]

Am Jur 2d, Eminent Domain §§ 501 et seq.

Eminent domain: compensability of loss of visibility of owner's property. 7 ALR5th 113.

Appeal by plaintiff from order entered 11 June 1992 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 8 July 1993.

On 8 January 1992, plaintiff instituted this action by filing a complaint alleging inverse condemnation of its property. On 11 March 1992, the North Carolina Department of Transportation (DOT) filed a motion to dismiss plaintiff's complaint for failure to state a claim. From Judge Stephens' 11 June 1992 order allowing defendant's motion to dismiss, plaintiff appeals.

*Wilson & Waller, P.A., by Betty S. Waller and Brian E. Upchurch, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John F. Maddrey and Assistant Attorney General Elizabeth N. Strickland, for the State.*

McCRODDEN, Judge.

In this appeal, we must determine whether defendant's planting of trees and vegetation within its right-of-way adjacent to premises on which plaintiff owns and leases outdoor advertising signs (billboards) constitutes a taking of plaintiff's property such that plaintiff is entitled to compensation. At issue are eleven billboards which are located on private property adjacent to the Airport Connector Road and the Billy Graham Parkway in Mecklenburg County. Plaintiff's contention is that the trial court erred in dismissing its complaint because, according to plaintiff, the complaint stated a cause of action for inverse condemnation under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 19 of the North Carolina Constitution, and N.C. Gen. Stat. § 136-111 (1986).

Plaintiff's complaint alleged, *inter alia*, that subsequent to the erection of plaintiff's billboards, DOT began a program of planting trees and vegetation within the state owned right-of-way adjacent to plaintiff's leased premises pursuant to a state-initiated and funded highway beautification project. Plaintiff further claimed that since the vegetation has obscured or will eventually obscure its bill-

boards, the billboards have been rendered economically useless; therefore, plaintiff is entitled to compensation on the basis of inverse condemnation of its property rights, pursuant to N.C.G.S. § 136-111.

A motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990), challenges the sufficiency of the complaint to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is proper if no law exists to support the claim, if sufficient facts to make out a good claim are absent, or if there are known facts which necessarily defeat the claim. *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990).

Although plaintiff asserted in its complaint that it should be awarded compensation pursuant to N.C.G.S. § 136-111 because DOT's actions constituted a "taking" of its property, the complaint failed to raise constitutional questions, and the record on appeal contains no indication that plaintiff argued the constitutional issues at the trial level. An appellate court should not pass upon a constitutional question unless it affirmatively appears that the party urging the claim raised it at trial and the trial court ruled upon it. *Powe v. Odell*, 312 N.C. 410, 416, 322 S.E.2d 762, 765 (1984). Since plaintiff failed to ask the trial court to rule upon these constitutional issues, we decline to rule on them now.

We will, however, address whether plaintiff's complaint states a cause of action pursuant to N.C.G.S. § 136-111. That statute provides that "[a]ny person whose land or compensable interest therein has been taken by an intentional or unintentional act or omission of the Department of Transportation . . . [may] file a complaint in the superior court . . ." to obtain compensation for the taking. An action in inverse condemnation must show (1) a taking (2) of private property (3) for a public use or purpose. *Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 153-54, 272 S.E.2d 920, 922 (1980). Although an actual occupation of the land, dispossession of the landowner, or physical touching of the land is not necessary, a taking of private property requires "a substantial interference with elemental rights growing out of the ownership of the property." *Long v. City of Charlotte*, 306 N.C. 187, 198-99, 293 S.E.2d 101, 109 (1982). A plaintiff must show an actual interference with or disturbance of property rights resulting in injuries which are not merely consequential or incidental. *Id.* at 199, 293 S.E.2d at 109.

ADAMS OUTDOOR ADVERTISING v. N.C. DEPT. OF TRANSPORTATION

[112 N.C. App. 120 (1993)]

While Black's Law Dictionary does not define the word *consequential,* it does define the term *consequential damages,* and from this definition, we may determine what the Supreme Court meant when it wrote of "injuries which are not merely consequential." *Consequential damages* means "[s]uch damage, loss or injury as does not flow directly and immediately from the act of the party, but only from some of the consequences or results of such act." Black's Law Dictionary 390 (6th ed. 1990). Black's Law Dictionary defines *incidental* as "[d]epending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal; something incidental to the main purpose." Black's Law Dictionary 762. Using these definitions, we conclude that plaintiff's complaint fails to state a claim of inverse condemnation.

Plaintiff's complaint states in pertinent part:

6. . . . DOT has planted certain trees and other vegetation on the highway right-of-way adjacent to the airport connector and the Billy Graham Parkway. . . . The trees were planted for a public use and purpose.

9. Because of the size and placement of these trees at or near plaintiff's billboards, the view and legibility of the billboards has been substantially and severely limited and obscured, and many billboards have been rendered economically useless.

11. Plaintiff's advertisers have begun cancelling their advertisements on the referenced signs due to the visual obstruction created by the referenced trees. Plaintiff's property, or compensable interest therein, thus has been taken by the intentional or unintentional act of the DOT . . . in such a manner to render the billboards economically useless . . . .

13. . . . Defendant has thus unilaterally, intentionally, and without due process of law disregarded and destroyed all economically viable use plaintiff has for its valuable billboards and related property interests, the destruction of which constitutes a taking for which plaintiff is entitled to just compensation.

Defendant's planting of trees as part of its beautification project was defendant's primary act, of which the obscuring of plaintiff's billboards was only a consequential or incidental result. Moreover, we note that defendant's use of its right-of-way to plant trees is consistent with its statutory powers. N.C. Gen. Stat.

§ 136-18(9) (Supp. 1992) empowers DOT to "employ appropriate means for properly selecting, planting and protecting trees, shrubs, vines, grasses or legumes in the highway right-of-way in the promotion of . . . landscaping." This statute was enacted prior to 1981, when plaintiff's predecessors in interest first entered into agreements for the lease of the property at issue. Therefore, plaintiff was charged with notice at the time it erected the billboards that DOT might plant trees and shrubs in the right-of-way near its leased premises. Finally, although there is no case directly addressing the issue raised by this case, North Carolina case law supports by analogy the trial court's ruling that the obstruction of the right to view does not constitute a taking of property. The Supreme Court, for example, held in *Wofford v. Highway Commission* that, when a public highway was closed so as to leave plaintiff's property on a cul-de-sac, there was no compensable damage due to the diminution of value of the property resulting from the limitation of access. 263 N.C. 677, 140 S.E.2d 376, *cert. denied*, 382 U.S. 822, 15 L.Ed.2d 67 (1965). The Court stated that "[i]f plaintiffs were permitted to recover for impairment of property value, because of the circuity of travel thereto and therefrom and the dwindling of traffic by their property, resulting from the street obstruction, practically every property owner in a town could recover for the same reasons when the Highway Commission constructs a by-pass to expedite traffic." *Id.* at 682, 140 S.E.2d at 380. In *Smith v. Highway Commission*, 257 N.C. 410, 414, 126 S.E.2d 87, 90 (1962), the Court stated that the "[i]ncidental interference with the abutting owner's easements of light, air, and access by reason of the change of grade [on the road] does not entitle him to compensation . . . ."

For its argument, plaintiff fails to provide any statutory basis or authority for a governmental taking based upon the "right to be seen." As support for its argument that the complaint sufficiently states a claim for the taking of its property, plaintiff cites the *Advertising Co.* case. However, that case, which also addressed the question of whether the complaint stated a claim for relief, is distinguishable from the instant case since it involved *the cutting down* of plaintiff's billboard. *Advertising Co.*, 50 N.C. App. at 154, 272 S.E.2d at 923.

Plaintiff fails also to present any compelling reason why we should find a basis or authority for a taking based upon the "right to be seen," and we refuse to do so. We rule, therefore, that the obstruction of view of plaintiff's billboards due to the vegetation

and trees planted by DOT as part of the highway beautification project does not amount to a taking of plaintiff's property. The trial court properly dismissed plaintiff's complaint for failure to state a claim.

Affirmed.

Judges WELLS and ORR concur.