CITY OF GREENSBORO v. PEARCE

[121 N.C. App. 582 (1996)]

━━━━━━

CITY OF GREENSBORO, Plaintiff-Appellant v. NANCY H. PEARCE and Husband, JIMMY B. PEARCE, and BETTY H. McINTOSH, and Husband, SAMUEL R. McINTOSH, Defendant-Appellees

No. COA94-1371

(Filed 20 February 1996)

1. **Eminent Domain § 282 (NCI4th)— inverse condemnation— insufficiency of findings of fact**

The trial court's findings of fact were insufficient to support its conclusion of law that plaintiff inversely condemned defendants' entire tract of land where the court made no findings of fact or conclusions of law as to whether plaintiff's actions in taking part of defendants' tract for a street-widening project constituted a "substantial interference" with defendants' elemental property rights in the entire property affected and thereby diminished the value of defendants' entire tract.

**Am Jur 2d, Eminent Domain § 478.**

Inverse condemnation state court class actions. 49 ALR4th 618.

2. **Eminent Domain § 289 (NCI4th)— diminution caused by eminent domain—diminution caused by elimination of on-street parking—distinction**

In determining the amount of compensation due defendants for inverse condemnation resulting from plaintiff city's street-widening project, a distinction must be made between any diminution caused by plaintiff's eminent domain action and any diminution caused by the elimination of on-street parking, since any diminution caused by the elimination of on-street parking is not compensable both because it has not been challenged and because elimination of on-street parking has been held to be a valid noncompensable exercise of the government's police power.

**Am Jur 2d, Eminent Domain § 478.**

**Inverse condemnation state court class actions. 49 ALR4th 618.**

3. **Eminent Domain § 282 (NCI4th)— inverse condemnation alleged—authority of court to order compensation greater than eminent domain complaint**

Where inverse condemnation is properly alleged, the trial court undeniably has the authority to order payment of compensation beyond that proposed by the complaint in eminent domain.

**Am Jur 2d, Eminent Domain § 478.**

**Inverse condemnation state court class actions. 49 ALR4th 618.**

4. **Eminent Domain § 286 (NCI4th)— inverse condemnation raised in answer—no error**

An inverse condemnation claim could properly be raised in an answer rather than in a counterclaim.

**Am Jur 2d, Eminent Domain § 503.**

Appeal by plaintiff from order entered 31 August 1994 by Judge F. Fetzer Mills in Guilford County Superior Court. Heard in the Court of Appeals 13 September 1995.

Defendants here own a tract encompassing two adjoining lots abutting South Chapman Street in the City of Greensboro. By resolu-

tion adopted on 1 March 1993, the Greensboro City Council instructed its City Attorney to institute condemnation proceedings against a portion of defendants' property for the public purpose of widening South Chapman Street in Greensboro. On 13 April 1993, plaintiff instituted this eminent domain action seeking to condemn a strip roughly 17 feet wide running along the entire 120 foot frontage of defendants' property. The complaint specifically describes the strip to be taken and, as required by G.S. 40A-41(2), also describes defendants' entire tract as the property "affected" by the taking. Plaintiffs also deposited $4,109.00 with the Guilford County Superior Court as estimated just compensation.

Defendants have owned the tract on South Chapman Street for the last 35 years and have maintained a children's day-care center on the site for the entire time. For some time prior to the filing of this action, defendants' tract has been nonconforming under City zoning ordinances with respect to parking. On 1 July 1992, a new zoning ordinance became effective which rendered defendants' day care center nonconforming with respect to use as well. Under this zoning ordinance, defendants may continue to operate their business but may not enlarge it in any way.

Defendants' answer alleged that taking the 17' x 120' parcel in the front of defendants' property amounted to an inverse condemnation of defendants' entire property. Prior to the taking, defendants maintained and used a driveway with two on-site parking spaces primarily for employees while the other day-care center employees parked on South Chapman Street. Patrons of defendants' day care center generally also parked on the street while dropping off and picking up their children. The present on-site parking spaces will be lost as a result of the taking. The on-street parking will be eliminated along South Chapman Street concurrent with the widening of the street. Defendants do not challenge plaintiff's elimination of on-street parking or plaintiff's zoning ordinance which forbids defendants from building replacement on-site parking.

On 2 August 1994, a hearing was held before Judge F. Fetzer Mills on all issues other than compensation. After hearing, Judge Mills held that the "partial taking of Defendants' properties is an Inverse Condemnation of Defendants' entire property interests . . . ." The trial court then remanded the case "to the Clerk of Superior Court . . . for appointment of Commissioners to determine as just compensation the fair market value of the entire properties . . . ."

Plaintiff appeals.

*A. Terry Wood and Becky Jo Peterson-Buie, for plaintiff-appellant.*

*Richard D. Hall, Jr., P.A., by W. B. Trevorrow, for defendant-appellees.*

EAGLES, Judge.

[1] Plaintiff first argues that the trial court's findings of fact do not support its conclusion of law that plaintiff has inversely condemned defendants' entire tract. We agree and vacate the trial court's order and remand for additional findings.

The United States Constitution provides, *inter alia*, that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The North Carolina Constitution provides the same fundamental protection against private property being taken for public use without just compensation. *Finch v. City of Durham*, 325 N.C. 352, 362-63, 384 S.E.2d 8, 14 (1989). It is a well settled constitutional principle that actual physical occupation or even touching is not required to support a finding that a taking has occurred. *Adams Outdoor Advertising v. N.C. Dept. of Transportation*, 112 N.C. App. 120, 122, 434 S.E.2d 666, 667 (1993). It is only necessary that there be "a substantial interference with the elemental rights growing out of the ownership of the property." *Id.* (quoting *Long v. City of Charlotte*, 306 N.C. 187, 198-99, 293 S.E.2d 101, 109 (1982)).

Here, the trial court made no findings of fact or conclusions of law as to whether plaintiff's actions in taking part of defendants' tract constitute a "substantial interference" with defendants' elemental property rights in the entire property affected. Many of the trial court's findings concern the impact on defendants' property of the previous zoning changes and of plaintiff's decision to eliminate on-street parking in front of defendants' property. Any injury caused by either of these acts by plaintiff, however, is not compensable here because defendants have not challenged those actions of the plaintiff. Accordingly, we remand for the trial court to make findings of fact as to whether plaintiff's eminent domain action "substantially interfered" with defendants' elemental rights in their entire tract and thereby diminished the value of defendants' entire tract.

[2] If the trial court finds that the value of defendants' entire tract has been diminished, a certain calculation difficulty remains because plaintiff's other actions may still affect the calculation of any diminution in the value of defendants' property caused by plaintiff's eminent domain action. We first recognize that, in determining the amount of the diminution in value that is compensable, the zoning on the property may be removed from the analysis because the zoning is not challenged and because the current zoning was in effect prior to the inception of the street widening project. Accordingly, we treat the zoning here as an attribute of the property and we must analyze the effect of plaintiff's other actions in light of the zoning on the property.

Any diminution in the value of defendants' property here is caused by the combined effect of the plaintiff's eminent domain action and the elimination of on-street parking. Because the elimination of on-street parking occurred at virtually the same time as plaintiff's institution of its eminent domain action, the elimination of on-street parking may not be analyzed as an attribute of the property. In determining the amount of compensation due defendants, a distinction must be made between any diminution caused by plaintiff's eminent domain action and any diminution caused by the elimination of on-street parking. Any diminution caused by the elimination of on-street parking is not compensable here both because it has not been challenged and because elimination of on-street parking has been held to be a valid noncompensable exercise of the government's police power unless shown to be "arbitrary, unreasonable or unjustly discriminatory." *Thompson v. Reidsville*, 203 N.C. 502, 504, 166 S.E. 389, 391 (1932). Damages resulting from the proper exercise of the police power by reasonable means are not compensable as a taking. *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 261, 302 S.E.2d 204, 208 (1983).

In its final analysis, the finder of fact must first determine pursuant to G.S. 40A-64, the fair market value of defendants' property under its current zoning before plaintiff instituted its condemnation action and eliminated on-street parking. The finder of fact must then determine the fair market value of defendants' property after the taking by plaintiff and the elimination of on-street parking. The difference between the fair market value before and the fair market value after the eminent domain action and the loss of on-street parking is, of course, the total diminution in the value of defendants' property. Finally, having determined the total diminution, the finder of fact must determine how much of that total diminution is compensable

because it is attributable to plaintiff's exercise of its eminent domain power. Always in applying this formula, the goal is to ensure that the landowner receives fair and just compensation to the fullest extent that the law allows.

We note here that the trial court previously determined that defendants' property had been deprived of all value. To support a similar determination on remand, findings of fact must be made that defendants were deprived of all practical uses of their property. *Weeks v. North Carolina Dep't of Nat. Resources & Comm. Dev.*, 97 N.C. App. 215, 225-26, 388 S.E.2d 228, 234-35, *disc. review denied*, 326 N.C. 601, 393 S.E.2d 890 (1990).

[3]  Plaintiff next argues that the trial court lacked the authority to order payment of compensation for the entire tract after the Greensboro City Council determined, in its legislative authority, that a partial taking was appropriate. We disagree because defendants have alleged that plaintiff's action in eminent domain to take a portion of defendants' tract effected an inverse condemnation of defendants' entire tract. "Inverse condemnation" is often defined as "a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency." *Charlotte v. Spratt*, 263 N.C. 656, 662-63, 140 S.E.2d 341, 346 (1965) (quoting *City of Jacksonville v. Schumann*, 167 So.2d 95, 98 (Fla. Dist. Ct. App. 1964)). " 'Inverse condemnation is a device which forces a governmental body to exercise its power of condemnation, even though it may have no desire to do so.' " *Hoyle v. City of Charlotte*, 276 N.C. 292, 302, 172 S.E.2d 1, 8 (1970) (quoting Bohannon, *Airport Easements*, 54 Va. L. Rev. 355, 373 (1968)). Accordingly, we conclude that, where inverse condemnation is properly alleged, the trial court undeniably has the authority to order payment of compensation beyond that proposed by the complaint in eminent domain.

[4]  Finally, plaintiff argues here that defendants failed to properly raise their inverse condemnation claim. We disagree. Plaintiff takes issue because defendants asserted their claim for inverse condemnation in their answer rather than in a counterclaim, which is the better practice. We recognize, however, that "principles of judicial economy dictate that the owners of the taken land may allege a further taking by inverse condemnation in the ongoing proceedings." *Department of Transportation v. Bragg*, 308 N.C. 367, 371 n.1, 302 S.E.2d 227, 230

n.1 (1983). We also recognize that the fact that the pleading was labelled "Answer" does not preclude its being treated as a counterclaim as well as an answer. *McCarley v. McCarley*, 289 N.C. 109, 114, 221 S.E.2d 490, 494 (1976). We do so here.

Reversed and remanded.

Judge LEWIS concurs.

Judge JOHN concurs in the result only.