SCHLOSS OUTDOOR ADVERTISING COMPANY, PLAINTIFF v. THE CITY OF CHARLOTTE, A MUNICIPAL CORPORATION, DEFENDANT AND THIRD PARTY PLAINTIFF v. GODLEY REALTY COMPANY, THIRD PARTY DEFENDANT

No. 8026SC439

(Filed 16 December 1980)

**Eminent Domain § 13— advertising sign cut down by city — action for inverse condemnation — sufficiency of complaint to state claim**

The trial court erred in dismissing plaintiff's inverse condemnation suit for failure to state a claim upon which relief could be granted where plaintiff alleged that pursuant to a lease with a landowner, it constructed a large outdoor advertising sign on the property in question; the city then condemned the land for a sewage easement; the city failed to exercise reasonable diligence to discover plaintiff's interest in the land; the city's contractor entered the land and cut down plaintiff's sign which encroached on the city's easement; plaintiff rebuilt the sign; and plaintiff suffered monetary damages as a result of the city's actions.

APPEAL by plaintiff from *Burroughs, Judge.* Order dismissing plaintiff's inverse condemnation suit for failure to state a claim upon which relief can be granted entered 15 February 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 November 1980.

The order of dismissal from which appeal has been taken was addressed solely to the sufficiency of plaintiff's complaint to state a claim upon which the court could grant relief. Accordingly, the only "facts" herein set out will be those alleged in the complaint, since it is the sufficiency of those allegations that we must decide.

Plaintiff entered into an agreement with the owners of a lot in Mecklenburg County whereby plaintiff would pay $200 per annum for "the exclusive advertising privileges and rights of erecting and maintaining . . . advertising displays" upon said lot. The agreement, designated "Ground Lease #61," was executed and signed by the lot owner and an agent for plaintiff on 27 February 1976, the term being from year to year, automatically renewable up to seven years. The plaintiff does not allege the recordation of the agreement.

On 28 February 1977 the City of Charlotte adopted a resolution to condemn and on 31 March 1977, by the filing of a Complaint and Declaration of Taking and Notice of Deposit, condemned a perpetual sewerage easement through a portion of the lot along with a temporary construction easement. The lot's owners subsequently signed a consent judgment awarding them $1,750.00 as just compensation for the taking. Plaintiff was never made a party to this condemnation action.

In July of 1977 employees of the Godley Realty Company, third party defendants herein and the contractor employed by the City to install the sewer, entered the lot to begin construction. They cut down and removed an outdoor advertising sign erected and maintained on the lot by plaintiff pursuant to its agreement with the owners, which sign apparently interfered with the City's easements.

Plaintiff brought this action for inverse condemnation alleging that defendant City took plaintiff's sign, entitling plaintiff to just compensation under the N.C. Const. art. I, § 19 (1970) and further seeking attorney's fees under G.S. 160A-243.1. The complaint alleges further that:

"(12) Plaintiff has now rebuilt the sign which was torn down by the CITY; however, Plaintiff alleges upon information and belief that its rebuilt sign is still subject to the Defendant CITY'S easements taken by means of the exercise of eminent domain in the inverse condemnation of Defendant CITY.

(13) As a direct and proximate result of Defendant's removal and inverse condemnation of Plaintiff's sign, Plaintiff lost certain advertising revenues.

Plaintiff alleges upon information and belief that Plaintiff has been damaged in the amount of $18,200.00 as a direct result of Defendant's inverse condemnation."

Defendant City moved under G.S. 1A-1, Rule 12(b)(6) to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. On 15 February 1979 an Order was entered dismissing plaintiff's claim.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage for plaintiff appellant.*

*Office of the City Attorney by Deputy City Attorney H. Michael Boyd for defendant appellee, City of Charlotte.*

*Horack, Talley, Pharr & Lowndes by Robert C. Stephens and Thomas J. Ashcraft for third party defendant appellee.*

CLARK, Judge.

A complaint should not be dismissed under G.S. 1A-1, Rule 12(b)(6), for failure to state a claim unless plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sutton v. Duke,* 227 N.C. 94, 176 S.E. 2d 161 (1970); *Brown v. Brown,* 21 N.C. App. 435, 204 S.E. 2d 534 (1974). The only times, then, when dismissal is proper are: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face that some fact essential to plaintiff's claim is missing; and (3) when some fact disclosed in the complaint defeats the plaintiff's claim. *Mozingo v. Bank,* 31 N.C. App. 157, 229 S.E. 2d 57 (1976), *disc. rev. denied,* 291 N.C. 711, 232 S.E. 2d 204 (1977). We find none of those three circumstances in this case and hold that the trial judge erred in dismissing plaintiff's complaint for failure to state a claim. In examin-

ing plaintiff's complaint, we have treated all of plaintiff's allegations as admitted. *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979).

The City's filing of its preliminary condemnation resolution of 28 February 1977 was subject to the requirements of G.S. 160A-246. That statute requires notice of condemnation proceedings to all "persons known to have an interest in the property" by way of listing their names and addresses in the resolution. G.S. 160A-246(a)(5). G.S. 160A-246(a)(5) further provides that a "person's interest in property shall be deemed known if it appears of record, or could or would be discovered by the exercise of reasonable diligence and expense." Plaintiff's allegation in the complaint that "Defendant City failed to exercise reasonable diligence to discover plaintiff's interest" and that plaintiff's sign was "prominently constructed upon the property" creates an issue of fact as to whether defendant City exercised the reasonable diligence required by the statute. If not, the apparent failure of plaintiff to record the interest should not deprive plaintiff of the notice to which it was statutorily entitled. Plaintiff would not be prejudiced by the lack of the required notice, however, unless its interest was affected by the City's condemnation. The real issue then is whether plaintiff has stated a sufficient claim for a taking without just compensation.

Plaintiff alleges that it has an interest in the land with which the City interfered and that the City through its contractor, cut down and removed plaintiff's sign. We believe these allegations are sufficient to state a good cause of action for inverse condemnation. The allegations in the complaint suggest:

(1) that plaintiff had an interest in the land;

(2) that pursuant to that interest plaintiff erected an outdoor advertising sign on the land;

(3) that defendant City condemned an easement over that same land which included the sign;

(4) that defendant Godley, acting under the authority of defendant City cut down and removed the outdoor advertising sign which had encroached upon the City's easement.

Our Supreme Court has stated, "It is fundamental law that when private property is taken for a public use or purpose, just

compensation must be paid." *Insurance Co. v. Blythe Brothers, Co.,* 260 N.C. 69, 78, 131 S.E. 2d 900, 907 (1963). Plaintiff's complaint alleges that the sign was removed "in furtherance of the City's purposes" in that the sign "was located on or interfered with the possession, control and use of Defendant's . . . easements." We hold that this allegation is sufficient to support the "public use or purpose" language quoted above.

The complaint alleges that plaintiff's "interest in the property" included "an outdoor advertising sign prominently constructed upon the property." This allegation satisfies the requirement that the taking be of "private property."

There remains only the issue of whether the acts of the City, through the acts of its agent Godley Realty Co., constituted a "taking" under the definition of our Supreme Court as quoted above. The allegation that the City "cut down and removed" the sign indicates to us acts of dominion by the City (through its agents) inconsistent with the ownership of plaintiff. Plaintiff certainly should have been allowed to prove such, rather than being dismissed even before the summary judgment stage. To what *extent* the sign was "cut down and removed" and destroyed, if any, is a matter of proof by the plaintiff, but the allegation is sufficient to state a claim, when considered with other allegations in the complaint, for the taking of property without just compensation.

Plaintiff's allegation that it "has now rebuilt the sign which was torn down by the City" causes us some concern. It is not clear from such a statement whether plaintiff means that it had to construct a totally new sign to replace the one allegedly taken by the City, or that it regained the original sign and re-erected it at its original site. We note, however, that mere vagueness is not ground for a motion to dismiss and that defendant was entitled to attack the allegation by a motion for a more definite statement under G.S. 1A-1, Rule 12(e). No such attack was made. For purposes of the Rule 12(b)(6) motion, the court must resolve the ambiguity in the above pleading in plaintiff's favor.

Plaintiff's claim for damages also gives us pause. It is not clear from the language of paragraph 13 of plaintiff's complaint how it computes the $18,200.00 it seeks, but in the sentence preceding the one setting out the amount of damages, the loss of "certain advertising

revenues" is mentioned. We believe that lost profits are not properly compensable in an action for just compensation, *Williams v. Highway Commission,* 252 N.C. 141, 113 S.E. 2d 263 (1960); rather, plaintiff is limited to the diminution in the fair market value of its interest directly attributable to whatever taking it is able to prove.

*Light Company v. Creasman,* 262 N.C. 390, 137 S.E. 2d 497 (1964).

Of course, by holding as we do, we intimate no opinion as to the merits of plaintiff's claim. We simply hold that the allegations in plaintiff's complaint do give rise to certain conceivable sets of facts which, if proven, would support a claim for just compensation. We merely give plaintiff the opportunity to prove the facts necessary for its recovery.

Reversed and Remanded.

Judges HEDRICK and WHICHARD concur.