OLLEN BRUTON SMITH v. BONITA HARRIS SMITH

No. 9226SC1275

(Filed 18 January 1994)

**1. Husband and Wife § 26 (NCI4th) — breach of fiduciary duty — no transaction on which to base claim — claim properly dismissed**

The trial court properly dismissed plaintiff's action against his former spouse for breach of fiduciary duty, since plaintiff failed to provide evidence of any agreement or transaction between him and defendant which would constitute the basis for the breach of fiduciary duty; furthermore, the court refused to impose on the relationship of marriage the strict duties of a business partnership.

**Am Jur 2d, Husband and Wife §§ 270-273.**

**2. Quasi Contracts and Restitution § 18 (NCI4th); Divorce and Separation § 180 (NCI4th) — unjust enrichment claim — collateral attack on equitable distribution — claim properly dismissed**

The trial court properly dismissed plaintiff's action against his former spouse for unjust enrichment since plaintiff's argument was no more than an attempt to attack collaterally the parties' earlier equitable distribution proceeding and judgment.

**Am Jur 2d, Restitution and Implied Contracts § 3.**

**3. Divorce and Separation § 159 (NCI4th) — intentional marital destruction — no new tort — moral fault not considered in equitable distribution**

Since a spouse's moral fault not related to the economic condition of the marriage is not to be considered during the distribution of marital property, the Court refused to recognize a new tort of intentional marital destruction which would allow marital fault or misconduct to be relevant in a proceeding collateral to, but affecting, equitable distribution.

**Am Jur 2d, Divorce and Separation §§ 927, 928.**

Appeal by plaintiff from order entered 29 October 1992 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 October 1993.

Plaintiff Ollen Bruton Smith and defendant Bonita Harris Smith were married on 6 June 1972, separated on 24 June 1988, and divorced on 5 February 1990. In a complaint dated 5 November 1990, plaintiff sought compensatory and punitive damages from defendant for, *inter alia*, breach of fiduciary duty, unjust enrichment, and intentional marital destruction. More specifically, plaintiff alleged that defendant committed numerous acts of adultery, consciously schemed to destroy the marriage to benefit from the Equitable Distribution Act, failed to care appropriately for their children, used marital funds for her adulterous affairs, and abused alcohol in an attempt to destroy the marriage. On 4 January 1991, in response to the complaint, defendant filed a motion to dismiss, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990). The trial court entered an order on 29 October 1992, granting defendant's motion and dismissing plaintiff's complaint. From this order, plaintiff appeals.

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., and Professor Alison Kitch of Washington & Lee University School of Law for plaintiff-appellant.*

*Robinson, Bradshaw & Hinson, P.A., by Martin L. Brackett, Jr. and John B. Garver, III, for defendant-appellee.*

McCRODDEN, Judge.

In this appeal we must decide whether in North Carolina a spouse or former spouse may maintain actions against the other spouse for breach of fiduciary duty, unjust enrichment, and intentional marital destruction, all pertaining to the marital relationship and its dissolution. The trial court, in allowing the defendant's motion to dismiss, believed he may not. We agree.

On a motion to dismiss for failure to state a claim, the allegations of fact are taken as true. *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 351, 416 S.E.2d 166, 168 (1992). Dismissal is proper when (1) the complaint on its face reveals that no law supports plaintiff's claim, (2) the complaint reveals on its face that some fact essential to plaintiff's claim is missing, and (3) when some fact disclosed in the complaint defeats the plaintiff's claim. *Adver-*

*tising Co. v. City of Charlotte*, 50 N.C. App. 150, 152, 272 S.E.2d 920, 922 (1980).

Plaintiff initially contends that his causes of action, all alleging marital misconduct by defendant, are not barred by N.C. Gen. Stat. § 50-20 (Supp. 1993) (the Equitable Distribution Act), which provides for the equitable distribution of marital property upon divorce. He insists that the present action is separate and distinct from the equitable distribution proceeding and is based upon the defendant's wrongdoing during the marriage, which was not addressed in the equitable distribution proceeding.

A spouse's marital fault or misconduct not related to the economic condition of the marriage may not be considered during equitable distribution. *Smith v. Smith*, 314 N.C. 80, 331 S.E.2d 682 (1985); *Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). Although it is settled that one's wrongdoing during the marriage is not relevant in an equitable distribution proceeding, the question remains whether other proceedings alleging fault during the marriage may survive. In order to resolve this issue, we must review each of plaintiff's causes of action separately.

[1] Plaintiff first challenges the court's dismissal of his claim for damages for breach of fiduciary duty, stating that the allegations of the complaint state a cognizable legal theory. Plaintiff averred in his complaint:

67. Plaintiff and defendant stood in a fiduciary relationship to each other as husband and wife.

68. Defendant has intentionally breached such fiduciary duty by her conduct as described above.

69. As the direct and proximate cause of such breach of fiduciary duty, plaintiff has suffered loss and damage in an amount [as will] exceed $10,000.00.

70. All losses suffered by reason of defendant's breach of fiduciary duty were foreseeable and were known to defendant prior to her engaging in the conduct amounting to breach of fiduciary duty.

As Justice Sharp stated in *Eubanks v. Eubanks*, 273 N.C. 189, 195-96, 159 S.E.2d 562, 567 (1968), "[t]he relationship between husband and wife is the most confidential of all relationships, and

SMITH v. SMITH

[113 N.C. App. 410 (1994)]

transactions between them, to be valid, must be fair and reasonable." Our Courts have found that a spouse breached this confidential relationship or breached his or her fiduciary duty only in specific situations: within the context of a distinct agreement or transaction between the spouses. *See Cline v. Cline*, 297 N.C. 336, 255 S.E.2d 399 (1979) (evidence was sufficient to establish a resulting or constructive trust where husband breached confidential relationship when he took title to a farm in his name only, after representing to his wife that the land would be theirs jointly after the mortgage was paid); *Link v. Link*, 278 N.C. 181, 179 S.E.2d 697 (1971) (wife's assignment of stock to husband after breakup of marriage void due to husband's alleged fraud, duress, and undue influence); *Fulp v. Fulp*, 264 N.C. 20, 140 S.E.2d 708 (1965) (a wife could be entitled to an equitable lien on real estate owned by her husband where the husband had expressly promised to convey her an interest in the land in consideration of the money she had advanced to him to make improvements on the land).

Plaintiff has failed to provide evidence of any agreement or transaction between him and the defendant which would constitute the basis for the breach of fiduciary duty. He does attempt to analogize the marital relationship to a business partnership, arguing that marital partners have a duty to exercise good faith and integrity in their dealings with each other in the affairs of their "partnership." According to this argument, since a business partner could be required to account to the partnership for misappropriated partnership funds, defendant should likewise be held accountable for misappropriated marital funds. Although we believe that the relationship between married persons demands the highest level of integrity, we refuse to impose on it the strict duties of a business partnership. Because a specific agreement or transaction between plaintiff and defendant is absent in the instant case, plaintiff failed to allege a cause of action for breach of fiduciary duty. Accordingly, we overrule this assignment of error.

[2] Under plaintiff's claim that defendant was unjustly enriched, he alleges that defendant's "extramarital affairs, intentional cruelty, and other wrongful actions precipitated the parties' divorce, and thereby allowed . . . [defendant] to take advantage of the . . . equitable distribution statute." We need not analyze North Carolina's unjust enrichment doctrine, because we find plaintiff's argument to be no more than an attempt to attack collaterally the equitable distribution proceeding and judgment. In his brief,

plaintiff maintains that he gave money and other property to defendant in the two years between their separation and divorce in return for her representations that she would work to improve the marriage, even though she had no intention of reconciling with plaintiff. Since plaintiff had an opportunity in the equitable distribution hearing to argue that certain property should not be assigned to defendant, he cannot now complain about the outcome of the equitable distribution judgment. We find no merit in this assignment of error.

[3] Finally, in another collateral attack on the equitable distribution of the marital property, plaintiff asks us to recognize a new tort of intentional marital destruction. He alleges that this tort is necessary to prevent a spouse from profiting from his wrongdoing, since, in his words, N.C.G.S. § 50-20 "allows a spouse who has committed adultery, abandonment or other wrongful action, to profit from the equitable distribution statute." Plaintiff urges this Court to create the tort of marital destruction to "remedy the harsh results produced by the current interpretation of the equitable distribution statute."

As discussed *supra*, a spouse's moral fault not related to the economic condition of the marriage is not to be considered during the distribution of marital property. The marital destruction tort advanced by plaintiff would allow circumvention of the aims of N.C.G.S. § 50-20, by allowing marital fault or misconduct to be relevant in a proceeding collateral to, but affecting, equitable distribution. The courts of our State do not recognize such a tort and we are without the power to create one.

We overrule plaintiff's assignments of error and affirm the dismissal of his complaint.

Affirmed.

Judges LEWIS and WYNN concur.