An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-483

NORTH CAROLINA COURT OF APPEALS

Filed:  18 March 2014

MELISSA JOY FRIEDMAN,
     Plaintiff

v.

BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER
TO BAC HOME LOANS SERVICING, LP f/k/a
COUNTRYWIDE HOME LOANS SERVICING, INC.; LISA
S. CAMPBELL, SUBSTITUTE TRUSTEE,
     Defendants

Iredell County
No. 12 CVS 1812

Appeal by plaintiff from order entered 8 October 2012 by Judge Mark E. Klass in Iredell County Superior Court.  Heard in the Court of Appeals 10 October 2013.

> *Law Office of James W. Surane, PLLC, by James W. Surane, for Plaintiff.*

> *The Law Office of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr., and James R. White, for Defendants.*

ERVIN, Judge.

Plaintiff Melissa Joy Friedman appeals from an order dismissing various claims that she asserted against Defendants Bank of America, N.A., as successor to BAC Home Loans Servicing, L/P., f/k/a Countrywide Home Loans Servicing, Inc., and Lisa S. Campbell.  On appeal, Plaintiff argues that she had stated viable claims for intentional or negligent misrepresentation,

intentional or negligent infliction of emotional distress, unfair debt collection, unclean hands, punitive damages, and violation of the Real Estate Settlement Procedures Act of 1974 in her second amended complaint and that the trial court erred by dismissing that pleading. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background
### A. Substantive Facts

In 2001, Plaintiff purchased a tract of property located in Mooresville, having financed this transaction using a $536,250.00 loan procured from Approved Federal Savings Bank. As part of these credit arrangements, Plaintiff executed a promissory note and deed of trust in favor of Approved Federal, with Neil W. Phelan having been designated as trustee under that deed of trust. On 26 December 2001, Approved Federal's interest in the note and deed of trust was assigned to Bank of New York. On 13 December 2002, James P. Bonner was substituted for Mr. Phelan as the trustee under the deed of trust. On 14 January 2003, Mr. Bonner filed a petition seeking to foreclose upon Plaintiff's property and served a notice of hearing in that proceeding upon Plaintiff. As a result of the fact that Mr. Bonner failed to appear at the scheduled hearing, the

foreclosure proceeding was involuntarily dismissed with prejudice on 28 April 2003.

On 31 July 2003, another notice of foreclosure was served upon Plaintiff. On 15 January 2004, the Clerk of Superior Court of Iredell County entered an order determining that Bank of New York was the holder of the note, that Plaintiff was in default under the note and deed of trust, and that Mr. Bonner, as substitute trustee, was entitled to foreclose upon Plaintiff's property. Although no explanation for this fact appears in the record, it is clear that no foreclosure sale relating to Plaintiff's property occurred following the entry of the 15 January 2004 order.

In September of 2009, BAC, a Bank of America subsidiary which claimed to be the holder of the note that Plaintiff executed in favor of Approved Federal, appointed Ms. Campbell as substitute trustee under the deed of trust. On 6 October 2009, Ms. Campbell served a notice of foreclosure hearing on Plaintiff. On 15 March 2010, Ms. Campbell sent Plaintiff a notice of rights indicating that she, as substitute trustee, had been requested to initiate foreclosure proceedings under the deed of trust that Plaintiff had executed in favor of Approved Federal and informing Plaintiff of her rights as required by statute. Although Ms. Campbell voluntarily dismissed this foreclosure proceeding on 19 March 2010, she served another

notice of hearing on the same date naming BAC as the holder of the note and scheduling the foreclosure hearing for 17 June 2010.[1] At the foreclosure hearing, an affidavit executed by a BAC employee asserted that BAC held the note that Plaintiff had executed in favor of Approved Federal. On 19 August 2010, the Clerk of Superior Court entered an order authorizing Ms. Campbell to proceed with the foreclosure based on a determination that the "debtors have shown no valid legal reason why foreclosure should not commence." A notice that Plaintiff's property would be sold as a result of the foreclosure proceeding was filed on 15 June 2012.

## B. Procedural History

On 26 July 2012, Plaintiff filed a complaint against BAC and Ms. Campbell in which she sought to recover compensatory and punitive damages, to have the order authorizing the sale of her property set aside, and to obtain the issuance of temporary, preliminary, and permanent injunctive relief precluding the sale of her property. On that same day, the trial court temporarily restrained the sale of Plaintiff's property. On 20 August 2012, Ms. Campbell filed a responsive pleading in which she denied the material allegations of Plaintiff's complaint and asserted various affirmative defenses. On 5 September 2012, Bank of

---

[1]BAC's parent company, Bank of America, assumed responsibility for servicing Plaintiff's loan on 1 July 2011.

America, acting in its capacity as successor to BAC, filed a responsive pleading in which it sought to have Plaintiff's complaint dismissed on the grounds that Plaintiff had failed to name Bank of America as a party defendant or to cause the issuance of a summons directed to Bank of America and on the grounds that Plaintiff's complaint failed to state a claim for relief, denied the material allegations of Plaintiff's complaint, and asserted various affirmative defenses.

On or about 6 September 2012, Plaintiff filed an amended complaint against BAC and Ms. Campbell in which she sought to recover compensatory and punitive damages, to have the order authorizing the sale of her property set aside, and to obtain the issuance of temporary, preliminary, and permanent injunctive relief precluding the sale of her property. On 12 September 2012, Plaintiff took a voluntary dismissal without prejudice of her claim against BAC.

On 21 September 2012, Plaintiff filed a second amended complaint against Bank of America, in its capacity as the successor to BAC, and Ms. Campbell in which she sought to recover compensatory and punitive damages, to have the order authorizing the sale of her property set aside, and to obtain the issuance of temporary, preliminary, and permanent injunctive relief precluding the sale of her property. On 27 September 2012, Defendants filed a responsive pleading in which they

sought to have Plaintiff's second amended complaint dismissed on the grounds that Plaintiff had failed to state a claim for which relief could be granted, denied the material allegations of Plaintiff's complaint, and asserted various affirmative defenses.

After holding a hearing on 27 September 2012 for the purpose of considering Plaintiff's request for the issuance of a preliminary injunction and Defendants' request for the dismissal of Plaintiff's second amended complaint, the trial court entered orders on 8 October 2012 granting Defendants' dismissal motion and denying Plaintiff's motion for the issuance of a preliminary injunction. Plaintiff noted an appeal to this Court from the trial court's dismissal order.[2]

## II. Substantive Legal Analysis
### A. Standard of Review

"A motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of the complaint." *Signature Dev., LLC v. Sandler Commer. at Union, L.L.C.*, 207 N.C. App. 576, 582, 701 S.E.2d 300, 305 (2010), *appeal dismissed*

---

[2]Consistently with her notice of appeal, Plaintiff has refrained from challenging the denial of her request for the issuance of a preliminary injunction in the brief that she has filed with this Court on appeal.

*as moot*, 365 N.C. 211, 710 S.E.2d 28, *disc. review denied*, 365 N.C. 211, 710 S.E.2d 333 (2011).

> In ruling on the motion, "the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979). Dismissal is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face that some fact essential to plaintiff's claim is missing; and (3) when some fact disclosed in the complaint defeats the plaintiff's claim." *Schloss Outdoor Advertising Co. v. Charlotte*, 50 N.C. App. 150, 152, 272 S.E.2d 920, 922 (1980).

*Id.* In the course of engaging in the required analysis, the plaintiff's complaint should be liberally construed. *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987). A trial court's decision to grant a dismissal motion is subject to *de novo* review by this Court. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd*, 357 N.C. 567, 597 S.E.2d 673 (2003). We will now utilize this standard of review in considering the validity of Plaintiff's challenges to the trial court's order.[3]

---

[3]As a general proposition, we note that Plaintiff's complaint consists of little more than a generalized recitation of the elements of the claims that she wishes to assert couched in the language of the applicable legal principles unaccompanied by any significant factual overlay. In view of the fact that a proper analysis of the sufficiency of an affirmative pleading

### B. Analysis of Plaintiff's Claims
### 1. False Representation Claims

In the course of challenging the trial court's dismissal order, Plaintiff contends that the trial court erred by dismissing her intentional and negligent misrepresentation, unfair and deceptive practice,[4] and intentional and negligent infliction of emotional distress claims set out in her complaint on the grounds that her allegation that Defendants had made certain material misrepresentations to the Clerk of Superior Court in the course of the foreclosure proceeding sufficed to preclude the entry of an order dismissing those claims. In

necessarily focuses on whether the pleading "gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information that he may need to prepare for trial," *Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E.2d 161, 167 (1970), and the fact that a defendant cannot understand the basis for the plaintiff's claim based solely upon a mere generalized recitation of the elements of the plaintiff's claim unaccompanied by any description of the facts upon which that claim rests, litigants should avoid filing complaints or other pleadings seeking affirmative relief that consist of little more than a list of the elements of the claim that the litigant wishes to assert.

[4]Plaintiff's unfair and deceptive practice claim hinges on the assertion that Defendants violated N.C. Gen. Stat. § 75-54, which prohibits any effort to collect a debt through the use of "any fraudulent, deceptive or misleading representation," by falsely representing in the foreclosure proceeding that BAC was the current note holder, a fact which, according to Plaintiff, entitled her to the relief authorized by N.C. Gen. Stat. § 75-16.

support of this contention, Plaintiff claims that, even though BAC represented that it was the holder of Plaintiff's note in the foreclosure proceeding, she had demonstrated in her complaint, including the attached documents, that Bank of New York had been the holder of Plaintiff's note and that BAC had failed to provide any documentary support for its claim to have subsequently become the holder of the note in question. We do not find Plaintiff's argument persuasive.[5]

As we have previously stated:

> Under the doctrine of collateral estoppel, or issue preclusion, a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies. A party asserting collateral estoppel is required to show that the earlier suit resulted in a final judgment on the merits, that the issue in question was identical to an issue actually litigated and necessary to the judgment, and that both the party asserting collateral estoppel and the party against whom collateral estoppel is asserted

---

[5]After the record on appeal was filed with this Court, Defendants filed a motion seeking to have this case dismissed on the grounds that, to the extent that Plaintiff's claims rested on actions that occurred during the litigation of the underlying foreclosure proceeding, those claims had been rendered moot by the fact that the foreclosure proceeding had been completed. Although we might agree with Defendants' contention in the event that Plaintiff was attempting to recover the property that she lost through the foreclosure process, Plaintiff is now seeking to recover damages rather than to regain possession of her property. As a result, Defendants' motion to dismiss this case on mootness grounds should be, and hereby is, denied.

> were either parties to the earlier suit or were in privity with the parties.

*Williams v. Peabody*, __ N.C. App. __, __, 719 S.E.2d 88, 93 (2011) (citations and quotation marks omitted) (quoting *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 414, 474 S.E.2d 127, 128 (1996)). According to N.C. Gen. Stat. § 45-21.16(d), the Clerk of Superior Court must determine, in the course of addressing a foreclosure proceeding, that the person or entity on whose behalf the foreclosure proceeding has been brought is the holder of the note. Moreover, the documents attached to Plaintiff's complaint indicate that the Clerk of Superior Court did, in fact, determine that BAC held Plaintiff's note. As a result, the issue of whether BAC was the holder of Plaintiff's note was "actually litigated and necessary to the outcome of the prior action," *Williams*, __ N.C. App. at __, 719 S.E.2d at 93, and cannot be relitigated in this civil action. Thus, since the complaint alleges facts that preclude Plaintiff from asserting that BAC had falsely represented itself to be the note holder, the claims that Plaintiff has attempted to assert against Defendants based upon that contention are barred by the doctrine of collateral estoppel.

In addition, a number of the claims that Plaintiff has asserted in reliance upon the contention that Defendants falsely represented that BAC held the note that Plaintiff had executed

in favor of Approved Federal were subject to dismissal for other reasons as well. For example, Plaintiff failed to allege any facts describing the allegedly false representation upon which she predicates her claim that Defendants violated N.C. Gen. Stat. § 75-54, a deficiency that provides an independent justification for the dismissal of Plaintiff's unfair and deceptive practices claim. In addition, Plaintiff's intentional and negligent infliction of emotional distress claims were properly dismissed given Plaintiff's failure to allege facts tending to show that she had sustained severe emotional distress. *E.g.*, *Holloway v. Wachovia Bank & Trust Co., N.A.*, 339 N.C. 338, 351, 452 S.E.2d 233, 240 (1994) (noting that severe emotional distress is an essential element of a claim for intentional infliction of emotional distress); *Williams v. HomEq Servicing Corp.*, 184 N.C. App. 413, 419, 646 S.E.2d 381, 385 (2007) (quoting *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)) (stating that severe emotional distress is an element of a negligent infliction of emotional distress claim, with examples of such distress including "'neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so'"). As a result, the trial court did not err by dismissing Plaintiff's intentional and negligent

misrepresentation, unfair and deceptive practices, and intentional and negligent infliction of emotional distress claims for failure to state a claim upon which relief can be granted.

## 2. Unclean Hands

Secondly, Plaintiff asserts that the trial court erred by dismissing her "unclean hands" claim. In essence, Plaintiff contends that she adequately alleged an "unclean hands" claim based on the assertion that Defendants' conduct violated the provisions of a consent judgment to which Bank of America was subject. Once again, we conclude that Plaintiff's argument lacks merit.

Although Plaintiff treats Defendants' "unclean hands" as sufficient to support an affirmative claim for relief, this assumption rests upon a fundamental misunderstanding of the relevant legal doctrine. According to well-established North Carolina law, the "unclean hands" doctrine, instead of supporting the assertion of "an equitable claim," provides an equitable defense to an affirmative claim asserted by a person who or an entity which has allegedly acted in an "unclean" or inequitable manner. *E.g., Roberts v. Madison Cnty. Realtors Ass'n*, 344 N.C. 394, 399, 474 S.E.2d 783, 787 (1996) (holding that, "[w]hen equitable relief is sought, courts claim the power to grant, deny, limit, or shape that relief as a matter of

discretion . . . normally invoked by considering an equitable defense, such as unclean hands"); *Elliott v. Enka-Candler Fire & Rescue Dep't, Inc.*, 213 N.C. App. 160, 162, 713 S.E.2d 132, 134 (2011) (noting that the "defendant filed an answer and asserted several affirmative defenses, including unclean hands"). As a result, given that the "unclean hands" doctrine provides the basis for the assertion of an equitable defense rather than an equitable claim, the trial court properly dismissed Plaintiff's "unclean hands" claim.

## 3. RESPA

Thirdly, Plaintiff contends that the trial court erred by dismissing the claim that she asserted pursuant to RESPA, which has been codified at 12 U.S.C. § 2601, *et. seq.* According to Plaintiff's complaint, BAC violated RESPA by failing to respond to certain written requests for information and by failing to notify Plaintiff in a timely manner that Plaintiff's loan had been transferred. We do not find Plaintiff's argument persuasive.

### a. Failure to Respond to Qualifying Written Request

According to 12 U.S.C. § 2605(e)(2)(C), a loan servicer that receives a qualified written request is required to "provide the borrower with a written explanation or clarification" within thirty days of the date of receipt "after conducting an investigation." Although a plaintiff who is able

to show that a violation of 12 U.S.C. § 2605(e)(2)(C) occurred is entitled to assert a claim against the offending loan servicer, we do not believe that Plaintiff has pled sufficient facts to establish that a violation of the relevant statutory provision actually occurred. Simply put, although Plaintiff alleged that "BAC/BOA failed to respond in a proper and timely way" to her written requests pursuant to 12 U.S.C. § 2605(e)(2)(C)(i), she failed to make any allegations concerning the dates upon which the requests were made, the nature of Plaintiff's requests, or the dates upon which BAC responded to Plaintiff's requests. In the absence of such allegations, Defendants have no ability to identify the facts that form the basis for Plaintiff's contention that an alleged violation of 12 U.S.C. § 2605(e)(2)(C) occurred.[6] *Davis v. Bowens*, 2012 U.S. Dist. LEXIS 101402 at *20, 2012 WL 2999766 at *6 (M.D.N.C. July

---

[6]The complete absence of any factual allegations concerning the dates upon which Plaintiff's requests were made and upon which Defendant responded to Plaintiff's requests is particularly significant given that, until July, 2010, a loan servicer had 60 days within which to respond to a qualifying request, Pub. L. No. 101-625, § 941(e)(2)(C)(1), 104 Stat. 4079, 4409, and that, after July 2010, the statutorily required response time was reduced to 30 days. Pub. L. No. 111-203, §§ 4 & 1463(c)(2), 124 Stat. 1376, 1390, 2184. As a result of the fact that Plaintiff's complaint makes many references to actions that occurred in 2010 and the fact that Plaintiff has provided no factual allegations concerning the date upon which the alleged violation of 12 U.S.C. § 2605(e)(2)(c) occurred, we are simply unable to determine whether Plaintiff has actually alleged that Defendants failed to respond to any qualifying written requests that she may have submitted to them in a timely manner.

23, 2012) (memorandum opinion and recommendation), *adopted*, 2012 U.S. Dist. LEXIS 136677, 2012 WL 4462184 (M.D.N.C. Sept. 25, 2012) (holding that, since the "[p]laintiff has included no factual matter showing that his alleged written demands" constituted qualified written requests, those claims were subject to dismissal). As a result, Plaintiff's complaint fails to state a claim for relief predicated upon an alleged violation of N.C. Gen. Stat. § 12 U.S.C. 2605(e)(2)(C).

### b. Failure to Provide Notice of Transfer

According to 12 U.S.C. §§ 2605(c)(1) and 2605(c)(2)(A), "[e]ach transferee servicer to whom the servicing of any federally related mortgage is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer" within fifteen days "after the effective date of the transfer of the servicing of the mortgage loan (with respect to which such notice is made)," subject to certain exceptions set out in 12 U.S.C. §§ 2605(c)(2)(B) and 2605(c)(2)(C). In her complaint, Plaintiff alleged that BAC "failed to send notice of transfer of loan servicing to the Plaintiff within 15 days after the effective date of transfer of the servicing of the mortgage loan, in violation of 12 U.S.C. § 2605(c)." In her brief, however, Plaintiff argues that Defendants "did not provide Plaintiff or the trial court with a notice of transfer of loan" in a timely manner. A cursory reading of 12 U.S.C. § 2605(c)

establishes that any claim for relief under that statutory subsection must relate to the transfer of responsibility for servicing a loan rather than a transfer of the loan itself. For that reason, the argument advanced in Plaintiff's brief does not provide any basis for overturning the decision that the trial court actually made. *Viar v. N.C. Dept. of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005)) (stating that "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant"). In addition, Plaintiff has completely failed to allege any facts in support of her contention that Defendants violated 12 U.S.C. § 2605(c), including the approximate date upon which the alleged transfer of responsibility for servicing Plaintiff's loan occurred and the identity of the entities involved in the alleged transfer. In the absence of such allegations, Defendants have been provided no meaningful notice of the nature of the claim that Plaintiff has attempted to assert against them in reliance upon 12 U.S.C. § 2605(c). *Davis*, 2012 U.S. Dist. LEXIS 101402 at *16, 2012 WL 2999766 at *5. As a result, the trial court did not err by dismissing this aspect of Plaintiff's RESPA claim either.[7]

---

[7]Although Plaintiff has also challenged the dismissal of her punitive damages claim, any award of punitive damages is "only [appropriate] if the claimant proves that the defendant is liable for compensatory damages." N.C. Gen. Stat. § 1D-15(a). In light of our decision to uphold the dismissal of the substantive claims asserted in Plaintiff's complaint, we need

## C. Other Issues

Finally, Plaintiff contends that the trial court erred by failing to determine that the institution and maintenance of the foreclosure proceeding that led to the loss of her property was precluded by the doctrine of *res judicata* in light of the fact that a prior foreclosure proceeding had been dismissed with prejudice based upon the trustee's failure to appear at the foreclosure hearing and by allowing the same counsel to represent both Ms. Campbell, in her capacity as trustee, and Bank of America, in its capacity as lender and servicer, in the present proceeding. We do not believe that either of these arguments provides any basis for overturning the trial court's dismissal order.

Although the exact nature of Plaintiff's *res judicata* argument is somewhat unclear, we understand her to be contending that the trial court should have determined that the foreclosure proceeding in which she lost her property should have been decided in her favor on *res judicata* grounds. Aside from the fact that this claim was not asserted in Plaintiff's complaint, Plaintiff's argument totally overlooks the fact that Plaintiff, having failed to challenge the foreclosure order on the basis of the *res judicata* argument upon which she now seeks to rely in

---

not address the dismissal of her punitive damages claim in any detail in this opinion.

the manner required by the applicable law, is bound by the outcome in the underlying foreclosure proceeding. According to well-established North Carolina law, the very doctrine of *res judicata* upon which Plaintiff relies "bars every ground of recovery or defense which was actually presented or which could have been presented in the previous action." *Goins v. Cone Mills Corp.*, 90 N.C. App. 90, 93, 367 S.E.2d 335, 336-37, *disc. rev. denied*, 323 N.C. 173, 373 S.E.2d 108 (1988). Although Plaintiff could have raised the *res judicata* argument upon which she now relies in the foreclosure proceeding, she refrained from acting in that manner and has, instead, sought to raise that claim in this civil action. As a result, we have no hesitation in concluding that Plaintiff's *res judicata* claim is barred by the very doctrine upon which Plaintiff now seeks to rely.

In addition, although Plaintiff is certainly correct in pointing out that, according to N.C. Gen. Stat. § 45-21.16(c)(7)(b), "the trustee [under a deed of trust] . . . is a neutral party and, while holding that position in the foreclosure proceeding may not advocate for the secured creditor or for the debtor in the foreclosure proceeding," we are unable to understand why this principle provides any basis for overturning the trial court's dismissal order in this case. Aside from the fact that Plaintiff does not appear to have raised this issue in the trial court, *Westminster Homes, Inc. v.*

*Town of Cary Zoning Bd. of Adjustment*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001) (holding that "issues and theories of a case not raised below will not be considered on appeal"), or to have alleged any claim on the basis of this alleged conflict of interest in her complaint, we see no indication that the conflict of interest upon which Plaintiff relies occurred "[i]n the instant case."  Instead, having been named as parties in Plaintiff's complaint, Ms. Campbell and Bank of America retained the same counsel to represent them in this subsequent civil action.  Plaintiff has not pointed us to any authority tending to show that the maintenance of such a joint defense in a subsequent civil action in any way violates N.C. Gen. Stat. § 45-21.16(c)(7)b, and we know of none.  As a result, the final arguments advanced in Plaintiff's brief provide no basis for overturning the trial court's dismissal order.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Plaintiff's challenges to the trial court's dismissal order have merit.  As a result, the trial court's order should be, and  hereby is, affirmed.[8]

---

[8]On 19 June 2013, Defendants filed a motion seeking the imposition of sanctions against Plaintiff on the grounds that Plaintiff had failed to comply with the 24 May 2013 order of the Court striking certain portions of the record on appeal as filed and requiring Plaintiff to file an addendum to the  record on appeal that contained several items that the parties had

AFFIRMED.

Judges ROBERT N. HUNTER, JR., and DAVIS concur.

Report per Rule 30(e).

---

previously agreed should be included in that document on or before 14 June 2013. In response, Plaintiff asserted that she had not received the order that she was alleged to have violated, that she had only learned about it when she received Defendants' 19 June 2013 sanctions motion, and that she would comply with the order in question immediately. In light of these filings, the Court entered an order on 5 July 2013 requiring Plaintiff to file the addendum on or before 15 July 2013, providing that Plaintiff's appeal would be dismissed if she failed to make the required filing, and referring the issue of whether additional sanctions should be imposed to the panel to which this case would be assigned for further consideration. The addendum to the record referenced in the 24 May 2013 and 5 July 2013 orders was filed on 10 July 2013. Although we find Plaintiff's failure to comply with the Court's prior order troubling, we conclude, in the exercise of our discretion, that no additional sanctions should be imposed in this instance. However, we admonish Plaintiff to remain informed about and to scrupulously comply with her obligations in connection with the course of the record settlement process in the future. As a result, Defendants' sanctions motion should be, and hereby is, denied.